## WALLACE, ADMINISTRATOR, *v.* BROWN ET AL.

GUARDIAN'S SALE.—*Fraudulent Purchaser.*—If a guardian sell the real estate of his ward, by order of the proper court, all the proceedings being formal and regular, and receive his own individual notes in payment, and fail to account to the proper court for the proceeds of the sale, the purchaser may be held accountable for the trust property, or its proceeds if sold by him to an innocent purchaser.

APPEAL from the Marion Civil Circuit Court.

DOWNEY, J.—This was an action brought by the appellees against the appellant's intestate, Robert L. Walpole, and one Furgason, to recover the value of certain real estate. Two of the plaintiffs are the heirs of one Michael, and the other two their husbands. Furgason was the guardian of the two female plaintiffs while they were unmarried and minors, and as such had sold the said real estate by order of the common pleas of Marion county, and Walpole had become the purchaser thereof at such sale, and had sold the same to an innocent purchaser. The right to recover was based on an allegation that the sale of the land to Walpole was fraudulent. During the pendency of the action, Walpole departed this life, and his administrator was made a party as the representative of his personal estate. A demurrer to the complaint by the appellant was overruled, and he excepted. The appellant answered, first, a general denial; and, second, setting up the proceedings in the common pleas for the sale of the land, alleging payment of the purchase-money, making a copy of the record part of the answer, and alleging that Furgason, the guardian, fully accounted for the proceeds of the sale to the common pleas. In the reply, the plaintiffs alleged that Walpole paid no money to the guardian for the land, but that he paid for it by surrendering to him the notes of the guardian for his own debt, which notes were given without consideration; that but for the fact that Walpole was urging the payment of the notes, Furgason would not have applied for the order or sold the land, and that there was no necessity for a sale of the land. There was also in the reply a general denial of the

answer. Furgason made default. There was a trial by the court of the issues as to the administrator of Walpole, and a finding for the plaintiffs against him. He made a motion for a new trial which was overruled, and he excepted. Final judgment was then rendered for the plaintiffs. The evidence is properly in the record.

The errors assigned involve the correctness of the ruling of the court in overruling the demurrer to the complaint, and in refusing to grant a new trial.

No objection to the complaint is pointed out or urged in the brief of counsel for the appellant, and we think, from the examination made by us, that it is sufficient.

We regard the evidence admitted by the court as to the want of consideration for the notes of Furgason to Walpole, which were surrendered by Walpole in payment for the land, as simply immaterial. The only question involved in the case is, whether if a guardian sell the real estate of his ward, by order of the proper court, all the proceedings being formal and regular, and receive his own notes in payment, and fail to account to the proper court for the proceeds of the sale, the sale can for that reason be treated as void, and the purchaser be held accountable for the trust property or its proceeds, if sold by him to an innocent purchaser.

The record of the proceedings by the guardian in making the sale shows all the steps required by the statute to have been taken, and his report states that the purchase-money was paid. It appears probable, however, from his evidence on the trial, that if the money was paid to him it was only to enable him to report the fact of payment, and that he immediately returned it to Walpole. The record given in evidence shows a final report by the guardian as to one of his wards, and payment to her and others of fifty-six dollars. There is nothing shown as to any further accounting for the proceeds of the sale, which amounted to three hundred and sixty-six dollars and sixty-seven cents. Counsel for the appellant argues the case as though there had been an accounting for all the purchase-money by the guardian. But

the record does not show this, and hence we need not decide what might be the law applicable in such a case.   We think under the facts shown in this case the sale cannot be regarded otherwise than as fraudulent and void.   One who knowingly receives from a trustee the trust money or property in satisfaction of the individual debt of the trustee to him, must be regarded as participating in the fraudulent diversion of the property, and liable to the beneficiary in the trust.   *Austin* v. *Willson's Executors*, 21 Ind. 252, and cases there cited.   These cases relate to executors and administrators, but the rule is the same with reference to guardians. There is no reason requiring or justifying a relaxation of the rule.   Trust property should be securely guarded, and the parties to every fraudulent diversion of it held to a strict and rigid account therefor.

The judgment is affirmed, with five per cent. damages and costs.

*J. S. Harvey*, for appellant.

*H. C. Newcomb, J. L. Mitchell*, and *W. A. Ketcham*, for appellees.