FLEECE v. JONES ET AL.

No. 7341.

DECEDENTS' ESTATES.—*Liability of Surety on Additional Bond of Administrator.*—An administrator of an estate, without any order of court, but with the consent of the only heirs of the decedent, who were of lawful age, sold real estate of such decedent to pay the debts of the estate, the personalty being insufficient. After such sale, the court took cognizance thereof, and required such administrator to give an additional bond to account for the proceeds thereof.

*Held,* that, under such bond, the administrator and the sureties therein were bound to account to the creditors and distributees of such estate for the full amount of the proceeds of such sale.

SAME.—*Final Settlement by Administrator.—Distribution to Heirs.*—Under the decedents' estates act, there can be no final settlement of a decedent's estate, and no distribution of the assets thereof, to the legal heirs of the decedent, until after the expiration of one year from the time letters testamentary or letters of administration were first issued thereon.

SAME.—*Devastavit by Administrator.—Party who Receives Money of Estate with Knowledge of, Liable Therefor.*—An administrator who makes a distribution of the assets of his decedent before the expiration of one year from the time of his appointment misapplies the money of the estate in his hands, and to that extent commits a *devastavit* thereof; and not only such administrator, but any person who, with full knowledge of such misapplication, has received from the administrator, directly, the moneys thus misapplied, is liable therefor to any creditor or other person interested in the due administration thereof and injured thereby.

From the Hendricks Circuit Court.

*J. V. Hadley,* —— *Parker, S. H. Buskirk, J. W. Nichol* and *R. Hill,* for appellant.

*E. G. Hogate* and *R. B. Blake,* for appellees.

HOWK, J.—In this action the appellees, William J. K. P. Jones, James M. Emmons and Lindsey L. Thrift, were the plaintiffs, and the appellant, Fleece, and one Robert F. O'Rear were the defendants below. After the submission of the cause by the appellant, on the appellees' default, they appeared and moved this court, in writing, to dismiss the appeal for the reason that the appellant, Fleece, had not served notice of his appeal upon his co-defendant, O'Rear, as required by section 551 of the code. 2 R. S. 1876, p. 239. Before this motion was considered by the court, and, it would seem, three days before the motion was filed, the requisite notice was given by the appellant to his co-defendant, O'Rear, who has declined to join in this appeal. Upon these facts, we think that the appellees' motion to dismiss this appeal, for the cause assigned, ought to and must be overruled, which is done accordingly.

The appellant, severing in his defence, answered the complaint by a general denial thereof, as did also his co-defendant, O'Rear. The issues joined were tried by the court, and, at the appellees' request, the court made a special finding of the facts and of its conclusions of law thereon, "to which finding of facts and conclusions of law the defendants except and object." The appellant's separate motion for a new trial having been overruled, and his exception entered to this ruling, the court rendered judgment upon and in accordance with its special finding, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his motion for a new trial; and,

2. In its conclusions of law upon the facts specially found.

We will consider and decide the questions arising under these alleged errors, in the inverse order of their assignment.

We give the substance of the court's special finding of facts and conclusions of law, as follows :

" The court, at the request of the plaintiffs, at the proper time, makes the following special finding of facts :

" That on the 26th day of January, 1875, William Barnish departed this life, intestate, possessed of about $170 worth of personal property, and 120 acres of real estate ; that on the 22d day of February, 1875, the defendant Robert F. O'Rear was appointed administrator of the estate of William Barnish, deceased ; that on the 2d day of April, 1875, with the consent and authority of John Barnish and Mary O'Rear, wife of the said Robert, they being the only heirs of Wm. Barnish, deceased, the said administrator made sale of certain real estate of said decedent, and received as such administrator from the vendees thereof the sum of $3,500, to be used in the discharge of the indebtedness of said estate ; that on the 4th day of February, 1876, in compliance with an order of the court, the defendant filed an additional bond, as administrator of said estate, with the plaintiffs and defendant Fleece as his sureties therein ; that afterward the said O'Rear was removed from his trust as administrator.

" And the court further finds, that on the 13th day of March, 1878, the State of Indiana, *ex rel.* William B. Evans et al., recovered a judgment in this court for the sum of $228.60, against the parties, plaintiffs and defendants, to this action, in a suit upon the bond of the said O'Rear, as administrator as aforesaid ; that the plaintiffs have been compelled to pay, and have paid, the sum of $192.45, in discharge of three-fourths of said judgment, principal, interest and costs, and that the defendant Fleece paid the balance of said judgment. And the court further finds, that on

the 4th day of February, 1876, the defendant O'Rear and
the defendant Fleece, as his attorney, and L. M. Campbell,
in whose hands said $3,500 had been by agreement placed,
as attorney for John and James McCreery, the vendees of
the real estate above mentioned, came together at the
office of the clerk of the Hendricks Circuit Court, and, out
of the proceeds of the real estate above spoken of, they
paid all of the claims of said estate that had been filed upon
the appearance docket of said court, and that said Camp-
bell then checked out to the said Fleece the sum of $500,
the balance of the money of said estate remaining from the
sale of the real estate after paying all claims filed; that
said Fleece then appropriated the sum of $425 to his own
use, in payment of a debt due him from Mary O'Rear, for
real estate sold to her by the said Fleece.

" And the court further finds, that at the time the said
Fleece received the said check of $500, and appropriated
the said $425 above mentioned, he knew that said money
was the money of said estate and was realized from the
sale of said real estate of said decedent, sold to pay the
debts of said deceased; and the court further finds, that, at
the time the said Fleece received the said sum of $425,
there were debts outstanding against said estate, amount-
ing to $228.00, which was afterward collected by a suit on
the bond of O'Rear, as administrator; and the court further
finds, that, at the time the said Fleece received said sum of
$425, there were solvent assets remaining in the hands of
said administrator, of the sum of $360 over and above the
amount in Campbell's hands; and it is further found by
the court, that, in connection with the sale of said real
estate and the distribution of the money arising therefrom
among the heirs, it was agreed then with O'Rear, that any
debts that should appear against said estate should be pro-
vided for by them; and it is further found by the court,
that, before the payment of the $425 above named, the de-

fendants made inquiry for other claims against said estate and could find none, and were assured and believed there were none, and there being the sum named of $360, in the hands of said O'Rear to cover any thing that might turn up, the said sum was appropriated as aforesaid, by and between the defendants, in good faith and without any purpose to defraud any one, though it was in fact a withdrawal of money from the use of creditors subsequently appearing and having a right to payment of the same."

"From these facts, as a conclusion of law therefrom, it is found by the court that the defendants are liable to the plaintiffs for the sum claimed in this suit; to which finding of facts and conclusion of law the defendants except and object.

(Signed,)            " J. B. JULIAN, Judge."

We are of the opinion, that, upon the facts specially found, the court did not err in its conclusion of law. The appellant's co-defendant, Robert F. O'Rear, was the administrator of the estate of William Barnish, deceased, and the appellant was the attorney of said administrator. The personal estate of the decedent was not sufficient for the payment of his debts; and the administrator of his estate, with the consent and authority of his only heirs at law, who appear to have been of lawful age, sold a part of the decedent's real estate for a sum of money to be used in the payment of the decedent's indebtedness. It is true, that the administrator did not sell the real estate under an order of the court; but it would seem that after the sale the court took cognizance of it, and required the administrator to give an additional bond to account for its proceeds. Under this bond, we think that the administrator and his sureties therein would be bound to account to the creditors and the distributees of the decedent's estate for the full amount of the proceeds of the sale of said real estate, although it appeared that such sale had been made without an order of the

court and before the execution of the bond.  Strictly speaking, there is no such thing under the statute of this State providing for the settlement of decedents' estates, as a partial distribution to the distributees of the decedent. The statute provides, that, " at the end of one year from the issuing of letters thereon," there may be a final settlement of the decedent's estate, if it is ready for settlement.  Again, the statute provides, that the creditor of a decedent may file his claim against the estate at any time " within one year from the date of the first appointment of an executor or administrator therein, and notice thereof," and recover costs in the event of a recovery of his claim.  The statute contemplates, as we construe its provisions, that there shall not be, in any event, a final settlement of a decedent's estate, until after the expiration of one year from the time letters testamentary, or letters of administration, were first issued thereon ; and, as a general rule, it may well be said, that, until such settlement, there can not be, and ought not to be, any distribution of the assets of the estate to the general distributees of the decedent.  The statute provides for the distribution of " the surplus remaining after the payment of all debts ; " and, as the creditor of the decedent is allowed a full year in which to present and file his claim, and as there can be no final settlement of the estate until the end of one year, it would seem to follow that there can be no distribution of the assets of the estate to the legal heirs of the decedent, until after the expiration of one year from the first issue of letters thereon, and notice thereof.

In the case now before us, the appellant was not only the attorney of the administrator, but he was a creditor of one of the distributees of the decedent's estate, and the debt due him from such distributee was to be paid out of her share of the moneys of said estate.  His duty to his

client was to advise him not to make any distribution to the decedent's heirs, or either of them, until after the expiration of one year from the time of his appointment as administrator and notice thereof. On the other hand, he had a direct personal interest in securing an immediate distribution to Mary O'Rear, one of the heirs, of an amount equal to the amount of her indebtedness to him. The administrator of the decedent, in making such distribution to said Mary O'Rear, one of the decedent's legal heirs, before the expiration of one year from the time of his appointment, certainly misapplied the moneys of the estate in his hands to be administered, and to that extent committed what is technically called a *devastavit* of his intestate's estate. In such a case, not only the administrator, but any person who, with a full knowledge of the misapplication, or of the *devastavit*, of the moneys of the estate, has received from the administrator directly the moneys thus misapplied, will be held liable for the full amount thereof to any creditor of the decedent, or other person interested in the due administration of the estate and injured by such misapplication or *devastavit* of the assets of the estate. 2 Williams Executors, bottom pages 936, 937, *et seq.*

We think, therefore, that the court committed no error in this case, in its conclusions of law from the facts specially found.

The causes for a new trial, assigned by the appellant in his motion therefor, were the general ones, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. We think that neither of these causes for a new trial was well assigned. The evidence in the record, as we read it, tends fairly to sustain the finding of the court on every material point; and, on the facts found, we are clearly of the opinion that the finding of the court was not contrary to law.

The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.