Krutz *et al.* *v.* Stewart.

---

No. 8248.
KRUTZ ET AL. *v.* STEWART.

PROMISSORY NOTE.—*Decedents' Estates.*—*Devastavit.*—*Administrator as Payee.*—A note executed and made payable to an administrator, for a debt due the estate, is property of the estate, and his transfer of it without consideration is a *devastavit* or wasting of the assets of the estate. *Thomasson* v. *Brown*, 43 Ind. 203, distinguished.

SAME.—*Answer.*—*Devastavit.*—*Knowledge of Holder.*—An answer to a complaint on a promissory note, that it belonged to the estate of a deceased

person, and that the plaintiff received it of the administrator, with full knowledge of the fact, and without consideration, contains a good defence.

SAME.—*Real Party in Interest.*—Such an answer shows that the plaintiff is not the real party in interest, and, for that reason, is good.

SAME.—The question of the sufficiency of such answer does not turn upon the administrator's capacity to endorse, but upon the circumstances attending the endorsement.

From the Switzerland Circuit Court.

*J. D. Works* and *J. A. Works*, for appellants.

*J. B. McCrellis*, for appellee.

WORDEN, J.—Action by the appellee, as the endorsee, against the appellants, as makers, of a promissory note, of the following tenor :

"$1,300.                    FLORENCE, Sept. 18th, 1871.

"One day after date, we, the subscribers, of Florence, county of Switzerland, State of Indiana, promise to pay to the order of Mrs. C. A. Craig one thousand and three hundred dollars, value received, with ten per cent. interest from date, without any relief whatever from valuation or appraisement laws of the State of Indiana.

[Signed]      "WILLIAM G. KRUTZ & SON,
                    "P. A. BETTENS,
                    "JOHN F. MCCRARY."

The defendants answered in five paragraphs, and demurrers for want of facts were sustained to the fourth and fifth. Issue ; trial by the court ; finding and judgment for the plaintiff.

The fourth and fifth paragraphs of answer were in a great measure alike, but the counsel for the appellants have discussed the fifth only, and we therefore notice the fifth only. That paragraph alleged, in substance, that the note in suit was executed for a debt which the defendant William G. Krutz owed to the estate of Joel Craig, deceased, of which the said Cynthia A. Craig, the payee of the note, was ad-

ministratrix, and the other defendants executed the note as sureties for said William G. Krutz ; that the note was given on a settlement between said Krutz and said administratrix, "and it was the understanding of the parties to said settlement, and the defendants herein, that said note was to be given to her as such administratrix, and to be the property of said estate ;" that there was no agreement or understanding that the note should be given to said Cynthia A.Craig individually ; that the plaintiff, the endorsee of the note, is the father of said Cynthia A., and assisted in making the settlement ; that said administratrix has never accounted to said estate, in any way, for the note ; that she assigned the same to the plaintiff without consideration, and for the purpose of avoiding "any settlement therefor to said estate," both she and the plaintiff knowing at the time that it was the property of the estate ; "that the assignment was not made in the settlement of said estate, and no order of court was made or petitioned for giving said administratrix authority to assign said note." Wherefore, etc.

For the purposes of a decision of the cause, we attach no special importance to the fact that the note was made payable to Cynthia A. Craig individually, and not in her representative capacity. It was given for a debt due the estate she represented, and, if collected by or paid to her, the money would be assets of the estate in her hands. She might, therefore, have sued upon it, in her representative capacity, for the rule is firmly established, that wherever the money recovered will be assets, the executor or administrator may sue for it and declare in his representative character. *Sheets* v. *Pabody*, 6 Blackf. 120 ; 2 Williams Executors, 6th Am. ed., bottom p. 881.

The note, having been given for a debt due the estate, was as much the property of the estate as if it had been made payable to the payee in her representative capacity.

The transfer of the note by the payee to the plaintiff, without consideration, was a *devastavit*, a wasting of the assets of the estate, and the plaintiff, being a mere volunteer, and having notice that the note belonged to the estate, acquired no right to it by the transfer. This proposition is very well established by the case of *Thomasson* v. *Brown*, 43 Ind. 203, and cases there cited. That case, however, differs from the present in this : In that case, a subsequent administrator sought to set aside and have declared void the transfer of some notes and a mortgage, the transfer having been made by a former administrator in violation of his trust. Here, the debtors only, and not any one representing or having any interest in the estate, are raising the question as to the validity of the transfer.

The case of *Prosser* v. *Leatherman*, 4 How. Miss. 237, cited in *Thomasson* v. *Brown*, *supra*, decides, however, that the debtor may set up, when sued upon a note thus wrongfully transferred by an administrator, the invalidity of the transfer. The point decided, in an opinion delivered by SHARKEY, C. J., can not, perhaps, be better stated than in the language of the syllabus of the case, viz. :

"It is a good defence to an action on a promissory note, that the note belonged to the estate of a deceased person, and that the plaintiff received it of the administrator in payment of an individual debt due by the latter, or in exchange for other property, with full knowledge of the fact."

As the paragraph of answer in question alleges facts showing that the plaintiff, by the assignment, acquired no right to the note, it must be held good on the ground, if on no other, that it shows that the action is not prosecuted by the real party in interest.

The appellee claims it to be "a well settled rule of law, that the execution of a negotiable note is a warranty of the existing capacity of the payee to endorse the paper," and

cites *Drayton* v. *Dale*, 2 Barn. & Cress. 293. This proposition may well be conceded ; and yet it does not follow that the endorsement, under the circumstances set up in the answer, will have any validity.

The case does not turn upon the capacity, or want of capacity, of Mrs. Craig to endorse the note, but upon the circumstances under which the endorsement in question was made.

The demurrer to the fifth paragraph of answer should have been overruled.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.