No. 9090.

ROGERS, ADMINISTRATOR, *v.* ZOOK ET AL.

COMMON LAW.—*Presumption.*—*Foreign State.*—Where the transaction, which is the subject of the action, is governed by the laws of the State of *West Virginia*, and no statute of that State is pleaded or given in evidence, it will be presumed that the common law is the law of such State and governs the transaction.

Rogers, Administrator, *v.* Zook *et al.*

DECEDENTS' ESTATES.—*Promissory Note.*—*Assignor and Assignee.*—*Powers of Administrator.*—At common law, an executor or administrator had the same property in, and the same powers over, the personal estate and effects of his decedent, that such decedent had at and before his death; and where an administrator barters and assigns promissory notes belonging to his decedent's estate, the assignee thereof would, under the common law, take a good and valid title to such notes as against any subsequent administrator, heir at law or creditor of the decedent.

ENDORSEMENT OR ASSIGNMENT.—*Devastavit.*—In this State an executor or administrator may endorse or assign promissory notes, due or payable to his decedent, so as to vest the title thereto in the assignee; but where the executor or administrator barters and assigns promissory notes belonging to his decedent's estate for his own private purposes, to an assignee with notice, such transfer is simply a *devastavit* of such estate; and, in such case, any one who, with notice, participates in the *devastavit*, will be liable for its full amount to any creditor, subsequent administrator or heir at law of the decedent.

From the Huntington Circuit Court.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer*, for appellant.

*B. M. Cobb* and *B. F. Ibach,* for appellees.

HOWK, J.—The appellant, as administrator of the estate of Benjamin Marks, deceased, brought this action to foreclose a certain mortgage alleged to have been executed to the decedent in his lifetime by the appellee Martin L. Zook, on certain real estate in Huntington county. Emeline Zook, the wife of Martin L., was made a defendant to the action. The appellees jointly answered in two paragraphs, of which the first was a general denial, and the second stated special matters as a defence to the action. The appellant's demurrer, for the want of sufficient facts, to the second paragraph of answer, was overruled by the court, and to this decision he excepted. He then replied to the second paragraph of answer by a general denial thereof. The issues joined were tried by a jury, and a general verdict was returned for the appellees; and with their general verdict the jury also returned their special findings upon the particular questions of fact submitted to them by the appellant, under the direction of the court. The

appellant's motion for a new trial having been overruled, and his exception saved to such ruling, the court rendered judgment, in accordance with the verdict, that he take nothing by his suit herein, and that the appellees recover of him their costs in this action expended.

The appellant has assigned as errors the decisions of the circuit court (1) in overruling his demurrer to the second paragraph of appellees' answer, and (2) in overruling his motion for a new trial; while the appellees claim, by way of cross error, that the court erred in not carrying back the demurrer to the second paragraph of answer and sustaining the same to the appellant's complaint.

We will first consider and dispose of the alleged cross error.

In his complaint the appellant alleged in substance, that he was the administrator of the estate of Benjamin Marks, deceased; that, on the 11th day of April, 1866, the appellee, Martin L. Zook, executed to the decedent, then a resident of the State of Indiana, six promissory notes of that date, each for $200, payable respectively in two, three, four, five, six and seven years from date, and that to secure the payment of said notes, which were given for a balance of the purchase-money of the real estate thereinafter described, the appellee Martin L. Zook, who was the husband of his co-appellee, Emeline Zook, then and there executed to the decedent a mortgage on said real estate in these words and figures, to wit (copy of mortgage), which said mortgage was duly recorded in the recorder's office of said Huntington county.

And appellant further averred, that before any of said notes became due, the decedent removed to the State of West Virginia, and there, shortly thereafter, died intestate, having at the time the title to and possession of all said notes and mortgage, and having heirs in said Huntington county, and the said credits due him in said county; that one Benjamin J. Marks, the decedent's son, took out letters of administration in the State of West Virginia, and partly administered on the decedent's estate, but fraudulently failed to pay over or ac-

count for the said notes in any way whatever, and fraudulently converted them to his own use and bartered them away without authority from any one so to do of competent authority, and appropriated the proceeds thereof to his own use, and failed to file any report of the proceeds thereof or pay the same over to any one entitled thereto; that the appellee Martin L. Zook, with notice that the said Marks had no authority from the heirs of the estate to collect or deal with said notes and mortgage, and over their objection and protest, did deal with said Benjamin J. Marks, and with one Jane Swartz, who pretended to own three of the said notes by assignment of said Marks, as such administrator, and did fraudulently take said notes from the said parties, and cause said Jane Swartz to pretend to cancel said mortgage and to mutilate the record of said mortgage, by writing on the margin of such record the following words and figures, to wit: " March 8th, 1870. I assign the within mortgage, the last three notes due, amounting to six hundred dollars, to Jane Swartz, the wife of Samuel B. Swartz; assigned by Benjamin J. Marks, the administrator of Benjamin Marks, deceased." The above endorsement on the original mortgage, recorded April 19th, 1870. " Received payment in full on this mortgage April 19th, 1870." (Signed) " Jane Swartz, assignee of B. J. Marks, administrator of B. Marks, deceased." And the appellant said that he could not set out copies of the said notes, nor describe them more particularly, because they were in appellees' possession; but he averred that all of said notes were due him, as the administrator of the estate of Benjamin Marks, deceased, and were unpaid to him or to any one authorized to receive any part thereof. Wherefore, etc.

We are of the opinion that the appellant's complaint did not state facts sufficient to constitute a cause of action in favor of the appellant and against the appellees, on the notes and mortgage in suit. On the contrary, we think that the complaint itself shows that the notes had been fully paid, and the mortgage fully satisfied, nearly ten years before the com-

mencement of this action. The complaint showed that before any of the notes became due the payee and mortgagee removed from this State to the State of West Virginia, where he died shortly afterwards, and where his son, Benjamin J. Marks, was appointed administrator of his estate; and it was shown that the appellees had paid off and taken up all of the said notes, having paid the last three of the notes to one Jane Swartz, to whom they and the mortgage had been assigned by such administrator. It is averred that the administrator fraudulently converted the notes to his own use, and bartered them away, and fraudulently converted the proceeds thereof to his own use; but it was not averred that the appellees, or either of them, before their payment of the notes, had notice of either the fraudulent conduct of the administrator, or that he had bartered away the notes and fraudulently converted the proceeds to his own use. The only fact, of which it was alleged that the appellees had notice before the payment of the notes, was that the administrator had no authority from the heirs of the estate to collect or deal with the notes. This notice was a vain formality, because the administrator did not need any authority from the heirs of the decedent to enable him to collect, assign or transfer the decedent's notes.

In the case at bar, it must be assumed that the power of the administrator of Benjamin Marks, deceased, over the notes in suit, was governed and controlled by the law in force in the State of West Virginia. It was not alleged in the complaint that the administrator's power over his decedent's estate is regulated or restricted by any statute of that State; and, therefore, it must be presumed that the common law prevails in that State, and that the administrator possessed the power conferred by the common law, over the assets of his decedent's estate. *Schurman* v. *Marley*, 29 Ind. 458; *Alford* v. *Baker*, 53 Ind. 279; *Patterson* v. *Carrell*, 60 Ind. 128.

In *Weyer* v. *Second National Bank of Franklin*, 57 Ind. 198, it was said: "At common law, an executor or administrator

had the same property in, and, of course, the same powers over, the personal effects or estate of his decedent, that such decedent had at and before his death.    In *Whale* v. *Booth*, 4 T. R. 625, note *a*, Lord MANSFIELD, C. J., said : ' The general rule both of law and equity is clear, that an executor may dispose of the assets of the testator ; that over them he has absolute power ; and that they can not be followed by the testator's creditors.' ''    If they can not be followed by creditors, much less can they be followed, as it seems to us, by an administrator *de bonis non*, or by heirs at law.    After administration has been granted it is said, in 2 Williams Executors, 6th Am. ed., p. 992, " the power of an administrator is equal to, and with, the power of an executor."    With this plenary power over the assets of his decedent's estate, at the common law, it would seem that, if the administrator of Benjamin Marks, deceased, had bartered away and assigned the appellees' notes and mortgage to Jane Swartz for his own use and purposes, she would have taken a good and valid title to such notes and mortgage, as against any subsequent administrator, heir at law, or even creditor, of such decedent.    It would seem, also, in such case, that if the appellees, with actual notice of such barter and assignment for such use and purpose, had paid such assignee the amount of the notes, they could not have been compelled to repay the same by any subsequent administrator, heir at law or creditor of the decedent.

It has often been held by this court that an executor or administrator may transfer, by his assignment, promissory notes due and payable to his decedent, so as to vest the title thereto in his assignee.    *Thomas* v. *Reister*, 3 Ind. 369 ; *Hamrick* v. *Craven*, 39 Ind. 241 ; *Thomasson* v. *Brown*, 43 Ind. 203 ; *Krutz* v. *Stewart*, 76 Ind. 9.    In the case now before us it was not alleged that the notes and mortgage were brought into this State and here bartered and assigned to Jane Swartz, by the first administrator of the payee and mortgagee thereof.    In the absence of such an allegation, it must be assumed, we think, as was elsewhere shown to be the fact, that such alleged barter

and assignment of the notes and mortgage were so made in the State of West Virginia; where, as we have seen, it must be presumed, for the want of an averment to the contrary, that the common law prevailed and governed the transaction. Where the administrator of a decedent's estate barters away notes held by him in his fiduciary capacity, and assigns the same in this State for his own private purposes, or without consideration enuring to the benefit of his decedent's estate, it has been held by this court, and correctly so we think, that such transfer of the notes, as between the administrator and his assignee with notice (and the notice might be inferred from the nature of the transaction), would be simply a *devastavit* of the decedent's estate. In such case not only the administrator and his assignee, but any one who with notice participated in the *devastavit*, would be liable for the full amount thereof to any creditor of the decedent, subsequent administrator or other person interested in the due administration of the estate, and injured by the *devastavit*. *Thomasson* v. *Brown*, *supra; Fleece* v. *Jones*, 71 Ind. 340; *Krutz* v. *Stewart*, *supra*.

Conceding that it is shown by the averments of the appellant's complaint that the first administrator of his decedent, without authority of law therefor, bartered and assigned the notes in suit to Jane Swartz, for his own uses and purposes, it would still seem to us that the complaint is radically defective, in this, that it fails to show that Jane Swartz had notice, at the time she purchased and took an assignment of the notes and mortgage, of any fraudulent intent or purpose of the administrator, or that he was transcending the power conferred on him by law. Nor was it alleged in the complaint that the appellees, or either of them, had any notice whatever, actual or constructive, at or before the time they paid off the notes and procured the satisfaction of the mortgage, that Jane Swartz had acquired title thereto, by means of a barter therefor with the first administrator, for his own uses and purposes, or that there was any defect of any kind in her title to the notes and mortgage. There was nothing alleged in the complaint which

impeached or called in question the absolute good faith of the appellees, in their payment of the notes in suit.

Our conclusion is that the demurrer to the second paragraph of the answer, as it searched the record, ought to have been carried back and sustained by the court to appellant's complaint, for the want of sufficient facts therein to constitute a cause of action.

We need not, therefore, consider or decide any of the questions arising under either of the errors assigned by the appellant, as the judgment below must be affirmed, in any event, for the want of a sufficient cause of action.

NOTE.—It is shown by an affidavit annexed to the record that, after the appeal was taken in this cause, but before its submission in this court, the appellee Martin L. Zook died intestate, leaving his co-appellee, Emeline Zook, his widow, (who had been appointed his administrator) and several named children, as his heirs at law, who have been made parties to this appeal.    For the sake of brevity, we have used the names of the original parties in the foregoing opinion ; but the judgment of this court is rendered in favor and in the names of the heirs and representative of Martin L. Zook, deceased.

The judgment is affirmed, with costs.