Nugent *et al. v.* Laduke *et al.*

---

---

## No. 9747.

### NUGENT ET AL. *v.* LADUKE ET AL.

DECEDENTS' ESTATES.— *Executor.— Pledging Trust Property.—Notice.*—An executor or other trustee has no authority to use the assets in his hands as such, for his personal benefit, and one who takes from him with notice acquires no right in equity.

SAME.—*Promissory Note.—Assignor and Assignee.—Pleading.—Ownership.*—An executor, as such, assigned as collateral security to his own creditor a note payable to the testator. The complaint in a suit by the creditor against the maker showed this, and did not allege any right in the assignor other than thus appeared.

*Held,* that the complaint was insufficient after verdict.

SUPREME COURT.—*Complaint.*—The sufficiency of a complaint may be questioned in the Supreme Court, though a demurrer to it may have been overruled and no exception taken.

From the Clark Circuit Court.

*J. K. Marsh,* for appellants.

*J. H. Stotsenburg,* for appellees.

BLACK, C.—The appellees, Sarah L. Laduke and Edwin Laduke, her husband, sued the appellants, George W. Nugent and David S. Koons.

The complaint alleged that, on the 7th of March, 1873, said George W. Nugent executed to one Mary T. Nugent a

·mortgage on certain land in Clark county, to secure her in the payment of a note for $3,500, with interest at the rate of seven and one-half per cent. per annum, payable ten years after date, the interest to be paid annually; and in case of the death of said Mary prior to the expiration of ten years from said date, then said debt was to become due and payable one year after her death. The recording of the mortgage was alleged; and it was stated that afterward said Mary T. Nugent died testate at said county, and said David S. Koons became the executor of her last will; that after more than one year had elapsed from the date of said Mary's death, said Koons, on the 20th of March, 1876, being then and there indebted to the appellee Sarah L. Laduke in the sum of $550, then assigned, transferred, endorsed and delivered said note and mortgage to said Sarah. It was alleged that copies of said note and mortgage and said assignment were filed with the complaint, marked respectively "A," "B" and "C"; that said note was due and wholly unpaid, except as to certain credits stated. Prayer for judgment against said George W. Nugent for $2,500, the foreclosure of said mortgage and the sale of said mortgaged premises, or so much thereof as might be necessary, the interest of said Koons therein, and all proper relief.

Exhibit "A" was a copy of a note of George W. Nugent to Mary T. Nugent or order, for $3,500, corresponding with the note described in the complaint. This exhibit also set forth copies of the endorsements on said note, which were as follows:

" Received, March 7th, 1874, two hundred and sixty-two dollars and fifty cents, interest on the within note for one year." This was signed by Mary T. Nugent.

"Sept. 11th, 1876, received on the within note three hundred and thirty-four and $\frac{85}{100}$ dollars, being the amount of interest up to June 16th, 1875.      D. S. KOONS, Ex'r."

"Received on the within note nine hundred and twenty-one and $\frac{70}{100}$ dollars.      D. S. KOONS, Ex'r."

Exhibit "B" consisted of copies of a note and of an assign-

ment endorsed thereon. The note was the individual note of D. S. Koons, for $550, dated December 4th, 1876, payable three months after date, to the order of Sarah L. Laduke, bearing ten per cent. interest until paid. The assignment endorsed thereon was as follows: "Given as collateral security, to secure the payment of the within note, one note on G. W. Nugent for thirty-five hundred dollars, with a credit of $921.70 on said note, drawn in favor of Mary T. Nugent, and came into possession of D. S. Koons by will of Mary T. Nugent. This note to be held by Sarah L. Laduke to secure the payment of this note.　　　　　　D. S. KOONS."

The payment of one year's interest was also endorsed on said note of Koons.

Exhibit "C" was a copy of a mortgage on certain land in Clark county, executed March 7th, 1873, by George W. Nugent to Mary T. Nugent, to secure two notes made by the mortgagor to the mortgagee, one being for $500, due July 1st, 1873, and the other being the note described in the complaint.

Each of the defendants filed answers of general denial and paragraphs of special defence, and the plaintiffs replied. The cause was tried by the court. The finding was for the plaintiffs, that the allegations of the complaint were true; that the indebtedness of Koons for which the collateral security was given amounted to $711.05; that there was due the plaintiff from defendant Nugent, by reason of said note and mortgage, $527.40; and that the mortgage ought to be foreclosed. Accordingly, judgment was rendered that the plaintiff Sarah L. Laduke recover of the defendant George W. Nugent said sum of $527.40 and costs, and, in default of payment, that the mortgaged property be sold, etc.; that the surplus be paid to Nugent, and that the net proceeds of the judgment be credited on the indebtedness of Koons to said Sarah.

The defendants, and each of them, moved for a new trial, for the reasons that the finding was contrary to law and contrary to the evidence, and that the amount of the recovery was too large. The motion was overruled. The first two

specifications in the assignment of errors relate to rulings as to which appellants took no exceptions in the court below, and, therefore, they can not be noticed. The other assignments are that the court erred in overruling the motion for a new trial, and that the complaint does not state facts sufficient to constitute a cause of action against the appellants, or either of them.

Assuming that an executor has, in this State, power to sell or pledge a promissory note, the legal title to which was in his testator, as to which see *Thomas* v. *Reister*, 3 Ind. 369 ; *Speelman* v. *Culbertson*, 15 Ind. 441 ; *Hamrick* v. *Craven*, 39 Ind. 241 ; *Weyer* v. *Second Nat'l Bank*, 57 Ind. 198 ; the right to do so depends upon the circumstances of the transaction. *Krutz* v. *Stewart*, 76 Ind. 9. In *Chandler* v. *Schoonover*, 14 Ind. 324, it was said that an administrator has no power to apply the proceeds of the sale of his intestate's property to discharge his own individual liabilities, because the exercise of such a power would be inconsistent with his prescribed duties as administrator, and against public policy, and that in the instance then under consideration the creditor, whose claim against the administrator it was thus sought to pay, was without excuse, because the facts showed that he must have known that the administrator was acting in violation of his trust. See, also, *Austin* v. *Willson's Ex'rs*, 21 Ind. 252.

One who knowingly receives from a trustee the trust money or property in satisfaction of the individual debt of the trustee to him must be regarded as participating in the fraudulent diversion of the property. *Wallace* v. *Brown*, 41 Ind. 436 ; *Fleece* v. *Jones*, 71 Ind. 340 ; *Rogers* v. *Zook*, 86 Ind. 237.

If one to whom an administrator assigns a promissory note for the personal benefit of the latter have knowledge, even from the nature of the transaction, that the administrator is acting in violation of his trust, the right of property in the note is not divested. *Thomasson* v. *Brown*, 43 Ind. 203, and authorities cited.

Where a note, which is property of a decedent's estate, has

been thus assigned by the executor, in violation of his trust, to one chargeable with knowledge of the wrong, such assignee can not recover on the note in an action against the maker. *Krutz* v. *Stewart, supra.*

In Williams on Executors, 1004, 6th Am. ed. (bottom p. 938), it is said that in equity it is established that, "generally speaking, the executor or administrator can make no valid sale or pledge of the assets as a security for, or in payment of, his own debt; on the principle that the transaction itself gives the purchaser or mortgagee notice of the misapplication, and necessarily involves his participation in the breach of duty;" and the authorities are collected in a note.

It is further said, in the same connection, that "If the executor be also specific legatee, a sale or mortgage from him of the specific legacy for satisfaction of his private debt will be safe, unless it can be shown that the purchaser or mortgagee knew there were debts unpaid."

The same is true if the executor be sole residuary legatee; but if he be joint residuary legatee his creditor can not take any of the assets in payment of the executor's individual indebtedness; and he must not in such case rely upon the representations of the executor, but is bound to examine the will. Perry Trusts, sec. 811, and authorities.

If circumstances appear sufficient to put the purchaser or pledgee on his guard, or on enquiry, he will be regarded in equity as participating in the misapplication of the assets. This will be so if it appear to him in any way, either from words upon the face of the securities or by any other form of notice, either actual or constructive, that there is such a misapplication. Perry Trusts, secs. 225, 814.

The use of the word "trustee," in the assignment of a mortgage and note, has been held to import the existence of a trust and to give notice thereof to all into whose hands the instrument may come. *Sturtevant* v. *Jaques*, 14 Allen, 523. So, when a certificate of stock was issued to a person as "trustee," and it was endorsed in blank by him as "trustee," this

was notice to a person taking it as a pledge for private in-debtedness. *Shaw* v. *Spencer*, 100 Mass. 382 (1 Am. R. 115).

By her will, which was introduced in evidence, Mrs. Nugent directed that Koons, one of whose family she said she had become, should, as compensation, have, during her lifetime, the interest, as it accrued, on said note for $3,500, and, in addition to such interest as might accrue in her lifetime, she gave him "the further sum of $500, said legacy of $500 to be the first legacy paid out of my estate." She bequeathed $500 to Sarah A. Koons, and whatever remained out of her estate, after payment of all her debts and funeral expenses, and expenses of administration, she gave to her six daughters, to be equally divided between them; and she appointed said Koons executor of her will.

The evidence showed that Koons qualified as executor, and, at the time of the trial, was still acting as such; that no claims had been filed in the clerk's office against the estate; and that Koons had made no report as executor. Various payments upon the Nugent note, received by Koons after the assignment to the plaintiffs, were proved.

It was proved that the Nugent note came into the hands of Koons as executor, and that the note of Koons to Mrs. Laduke, to secure which the Nugent note and mortgage were pledged, was given for the individual debt of Koons, for money borrowed to pay on his house. Mrs. Laduke testified that she did not know that the Nugent note belonged to the estate; that Koons said he came by the note by the will; that it was coming to him; that it was his; and that she supposed it was his. Her husband testified that Koons said that all the Nugent note was his by will, except the credits. Koons testified that he transacted all the business in reference to the loan with Mr. Laduke, and not with Mrs. Laduke, and that he told Mr. Laduke that he came in possession of the Nugent note by the will of Mrs. Nugent.

While the evidence did not show that any debts had been paid, it showed that no claims had been filed; but it showed

that the executor was not a specific legatee or a residuary legatee, and that the amount of his general legacy was less than his private debt for which he pledged assets.

It appeared from the complaint that the note of George W. Nugent, secured by mortgage, was payable to Mary T. Nugent, or order. It was not alleged that it had been assigned to Koons, and the exhibit did not show an assignment by Mrs. Nugent. It was alleged that she died testate, and that Koons became executor of her will. The will was not set out. No title to or right in said note and mortgage was shown to be in Koons save what he acquired as executor. The indebtedness for which he was shown to have pledged the note and mortgage was stated as his private indebtedness, evidenced by his individual note. The assignment by way of pledge was made by Koons in his individual capacity. Upon the note assigned, as shown by the exhibit, were three credits, the first signed by Mrs. Nugent, the other two by Koons, as executor.

In his assignment written upon the back of his individual note, he referred to one of these payments made to him as executor, which he had no other right to receive, and which had been been receipted for on the Nugent note by him as executor, and said that the assigned note came into his possession by will of Mary T. Nugent.

If the complaint, by its averments, does not clearly and directly show that Koons received the note and mortgage as executor, it does not show that he received them otherwise than as executor. We think it does appear by the complaint, though somewhat obscurely, yet sufficiently, that Koons held the note and mortgage as executor, and that Mrs. Laduke was put upon enquiry. The will would have shown that Koons had no power to pledge the Nugent note and mortgage to secure his private debt, even to the amount of $500. Mrs. Laduke could not be protected by her belief of the executor's representations, in contradiction, as well of his own written admissions brought to her knowledge, as of what she might have learned by diligent enquiry. Where the rights of others

Nugent *et al. v.* Laduke *et al.*

interested in the settlement of a decedent's estate are so involved, to permit such dealings would be. contrary to the policy uniformly enforced in the administration of trusts.

While the complaint showed that the debt for which the property was pledged was the private debt of the executor, that the property pledged was property of the decedent's estate, and that the pledgee knew that such was the character of the debt, and was put upon enquiry as to the character in which the pledgor held the property, it did not attempt in any manner to show facts which, under such circumstances, were necessary in order to authorize the pledging, and the evidence, which we have set out for illustration, showed why such attempt was not made.

We think that the complaint did not show a cause of action, and that the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, and that the cause be remanded, with instructions to hold the complaint bad, and to permit the plaintiffs to amend it if they so desire.

## ON PETITION FOR A REHEARING.

BLACK, C.—The record shows that the appellants demurred to the complaint for want of sufficient facts, and that the demurrer was overruled, but does not show that the appellants excepted to this ruling.

It is argued by the eminent and learned counsel for the appellees, in support of a petition for a rehearing, that, by failure to except to the ruling upon the demurrer, the appellants waived the question of the want of sufficiency of the facts stated in the complaint, and that this court ought not to consider that question.

By failure to except to the ruling the appellants waived the question of the correctness of that ruling, and could not assign it as error; but they did not thereby waive their right, on appeal, to assign as error that the complaint does not state

facts sufficient to constitute a cause of action, and, under that assignment, to require this court to determine, not the question whether the complaint was good on demurrer, but the question whether it·was good after verdict.   In 'such case this court will examine the question as if no demurrer had been filed.   *Hostetler* v. *State, ex rel.,* 62 Ind. 183.

If our decision result in loss to the appellees, this is a hard necessity upon which we are driven in avoiding contravention of a most salutary principle.   Upon further consideration we adhere to our original opinion.

PER CURIAM.—It is ordered that the petition for a rehearing be overruled.