S. BOEGER, Defendant in Error, v. W. F. LANGENBERG, Plaintiff in Error.

### Kansas City Court of Appeals, November 10, 1890.

1. **Replevin:** CHATTEL MORTGAGE: RIGHT TO POSSESSION. Where the debt secured by a chattel mortgage is not due, there is no default, and the mortgagee is not entitled to the possession of the mortgaged property; and an action in replevin therefor is prematurely commenced.

2. **Chattel Mortgage:** DESCRIPTION: PAROL EVIDENCE. A chattel mortgage, to be effectual, must point out the subject-matter of it, so that a third person by its aid, together with the aid of such inquiries as it suggests, may identify the property covered by it; and parol evidence is admissible to aid the descriptive terms employed.

3. **Administration:** PERSONAL ESTATE: COMMON-LAW STATUTE. Personal estate of a decedent, both at law and in equity, vests in the executor or administrator, and at common law his *bona fide* conveyance passed a good title; but, under the Missouri statutes, he has no authority to transfer the same except as permitted by statute.

4. ——— : ——— : SALE OR PLEDGE : ACQUIESCENCE. A sale or pledge of assets as security for, or in payment of, the executor's debts would not be valid, though perhaps it would be only voidable and treated as valid until called in question by those in interest, whose acquiescence would, it seems, on principle render the transfer binding.

5. ——— : ——— : RIGHTS OF LEGATEE AND MORTGAGEE : EVIDENCE. Though without administration creditors and legatees cannot obtain a title to their legacies and distributive shares, a legatee has an inchoate title; and, where he is in possession, his mortgage could not be called in question as between him and his mortgagee, a stranger, and it is admissible in evidence, whether it be regarded as a mortgage of his interest as executor or legatee.

6. ——— : ——— : WIDOW'S MORTGAGE OF HER DOWER : EVIDENCE. Where a widow, who is colegatee, and also a comortgagor, has received the mortgaged property from the estate as her personal dower, the mortgage is admissible in evidence.

*Error to the Gasconade Circuit Court.*—HON. RUDOLPH
HIRZEL, Judge.

REVERSED.

*L. F. Parker*, for plaintiff in error

( 1 )  The plaintiff in replevin, as in ejectment,
must recover on the strength of his own title, and
cannot rely on infirmities in the title of the defendant.
*Gartside v. Nixon*, 43 Mo. 138 ; *Fleming v. Clark*, 22
Mo. App. 218.  ( 2 )  A mortgagee of personal property
is not entitled to possession of the property mortgaged
until default be made in the conditions of the mortgage,
unless so provided by the mortgage. *Chandler v.
West*, 37 Mo. App. 631 ; *Sheble v. Curdt*, 56 Mo. 437 ;
*Barnett v. Timberlake*, 57 Mo. 499 ; *Stonebraker v.
Ford*, 81 Mo. 532 ; *Kingsland v. Drum*, 80 Mo. 646.
( 3 )  There being no statutory provision authorizing an
executor or administrator to mortgage the property of
the estate he represents, the mortgage was void for want
of power to make it, if it be conceded that the mule
was, at the date of the mortgage, the property of the
estate of Adolph Buecker.  *Stagg v. Linnenfelser*, 59
Mo. 336 ; *Weil v. Jones*, 70 Mo. 560.

*J. C. Kiskaddon*, for defendant in error.

( 1 )  Where the mortgagor voluntarily delivers the
mortgaged property to the mortgagee under the mort-
gage, or because it is mortgaged, then the latter has a
right to retain the possession of the property. *Wood'
v. Hall*, 23 Mo. App. 110 ; *Greeley v. Reading*, 74 Mo.
309 ; *Nash v. Norment*, 5 Mo. App. 545 ; *Dobyn v.
Meyer*, 95 Mo. 132 ; *Hausmann v. Hope*, 20 Mo. App.
193 ; *McCandless v. Moore*, 50 Mo. 511 ; Herman on
Chat. Mort., secs. 93, 95.  ( 2 )  The words, "and every-
thing not mentioned and of which they are possessed

and to which said Henry Buecker and Sophie Buecker may be entitled as their property," are sufficient to include the mule in controversy; especially when it is identified by being delivered to the mortgagee. Herman on Chat. Mort., secs. 38, 38a; *Morrow v. Reed*, 30 Wis. 81; *State v. Cochran*, 79 Mo. 464. (3) An executor may mortgage the assets of his estate. 2 Red. on Wills [Ed. 1866] 212, *et seq.* (4) The delivery of the mule by Buecker to Boeger might be considered a pledging of the property to secure his debt; and, as Langenberg's purchase was void as against Buecker's creditors, then Boeger would hold the property. *Hard v. Foster*, 98 Mo. 297. (5) The legatee of personal property, even though the estate may be unsettled and insolvent, has an interest in the property which he can sell, pledge or mortgage. 2 Red. on Wills [Ed. 1866] 560, *et seq.; 556, et seq.*

SMITH, P. J.—This was an action under the provisions of the statute in relation to the claim and delivery of personal property to recover the possession of a mule. The record before us discloses the facts of the case to be, that, by the will of Adolph Buecker, who died in Gasconade county, in this state, his widow, Sophie Buecker, and his son, Henry Buecker, were made his sole residuary legatees; the latter, Henry Buecker, being also named as executor. The testator's estate was insolvent, though it owned considerable personal property. There were inventoried two mules as the property of the estate. The personal dower of the widow was set aside to her under the statute, included in which was a mule. After Henry Buecker had qualified as executor, and after the widow had received her statutory property, the two legatees, the testator's widow and son, executed and delivered to the plaintiff, Boeger, a mortgage on " all their right and titles in the personal estate of Adolph Buecker, deceased, with all claims to which they were entitled as heirs, and also all

the claims to which the said Sophie Buecker was entitled as the widow of the said Adolph Buecker, deceased, and everything not mentioned of which they were possessed," for the purpose of securing a promissory note of theirs, dated January 28, 1887, for $394.25, due twelve months after date, which mortgage was duly recorded.

Prior to the execution of said mortgage, and on the twenty-eighth of December, 1886, the said Henry Buecker, in his individual capacity, executed a mortgage on "one horse mule bought of W. F. Langenberg, February, 1882," to secure the payment of a note given defendant for fifty dollars. This mortgage was never recorded.

Sometime after the execution of these mortgages the defendant required Henry Buecker to pay the said mortgage note then due. Buecker then sold the mule to defendant in consideration of the surrender by the defendant to him of the mortgage note and thirty dollars. The defendant gave Buecker his note for the thirty dollars. The defendant hired, as he testifies, the mule to Buecker for fifty cents per month. Buecker transferred the note to one Neese, and to whom the defendant paid the same. Buecker afterwards delivered the mule to plaintiff, and testified as his reason for doing so that he could not spare the mule from work, and so went to plaintiff and told him all about it, and he took the mule and gave Buecker one of his own to work. He stated that a further reason for delivering the mule to plaintiff was that he, plaintiff, was better able to law defendant, and he, Buecker, thought the defendant would be more careful about taking the mule from plaintiff. Buecker was compelled to resign his executorship, and, in making his final settlement, he obtained credit for the mule on the ground that it had been inventoried by mistake as the property of the testator's estate.

There were a great number of instructions; some of which were given and others refused, and to which we shall presently turn our attention. The plaintiff prevailed in the court below, and the defendant brings the case here by writ of error.

I. This suit was begun on the eighteenth day of April, 1887. The debt secured by the mortgage of the plaintiff was not then due. It could not become due until the twenty-eighth of January, 1888. Under the well-established law of this state, *Hickman v. Dill*, 32 Mo. App. 509; *Chandler v. West*, 37 Mo. App. 631; *State v. Carroll*, 24 Mo. App. 361; *LaFayette County Bank v. Metcalf*, 29 Mo. App. 384; *Sheble v. Curdt*, 56 Mo. 437, we must hold that, as the debt secured by plaintiff's mortgage was not due at the time of the institution of this action, and as no forfeiture had then occurred, he was not entitled to the immediate possession of the mortgaged property, and, therefore, his action was prematurely begun and must, for that reason, if for no other, inevitably fail. It is, however, contended by plaintiff that the mule in controversy was delivered to him under the mortgage, but we are unable to find anything in the evidence which lends support to that contention. It follows, therefore, that the circuit court erred in refusing to give the ninth and tenth instructions asked by the defendant, which, in effect, told the jury that the plaintiff was not entitled to the possession of the mortgaged property in dispute until default made in the conditions of the mortgage, and that as no such default had been made, at the time of the commencement of this suit, the right of possession had not then vested in him.

II. We do not think the trial court erred in permitting the mortgage from Sophie and Henry Buecker to plaintiff to be read in evidence. It was not obnoxious to the objection that the description which it contained was insufficient to cover the property in dispute.

The rule is that the mortgage to be effectual must point out the subject-matter of it, so that a third person by its aid, together with the aid of such inquiries as it suggests, may identify the property covered by it. *Chandler v. West*, 37 Mo. App. 631; *Hughes v. Mueller*, 29 Mo. App. 204; *LaFayette County Bank v. Metcalf*, 29 Mo. 394; *Stonebraker v. Ford*, 81 Mo. 532; Jones on Chat. Mort. 55. And in legal proceedings, when the inquiry is whether particular property was intended to be embraced in such instrument, parol evidence is admissible to aid the descriptive terms employed. *Campbell v. Allen*, 38 Mo. App. 27; *State ex rel. v. Cabanne*, 14 Mo. App. 294; *Bank v. Jennings*, 18 Mo. App. 651; Jones on Chat. Mort., sec. 64, *et seq.* Under the rule and its logical corollary, just mentioned, it seems to us quite clear that the trial court did not err in overruling this objection of the defendant to the introduction of the mortgage.

Nor do we think the trial court erred in overruling the defendant's objection to the introduction of the mortgage, because no title had been shown in the mortgagors, or either of them, to the mortgaged property. The rule is now well settled that both at law and equity the whole personal estate of the deceased vests in the executor or administrator. 1 William's Ex. 717, 718; *Becraft et al. v. Lewis, Adm'r*, 41 Mo. App. 546; *State ex rel. v. Moore*, 18 Mo. App. 406; *Smith v. Denny*, 37 Mo. 20; *Hellmann v. Wellenkamp*, 71 Mo. 407.

At common law a sale or conveyance by him passes a good title to the vendee. Worner's Am. Law of Adm., secs. 175, 331. But, if the vendee had notice of a dishonest purpose on the part of the administrator or executor to misapply the funds of the estate, he is liable to make restitution to the persons entitled to the estate. Worner's Am. Law of Adm., sec. 331; *Smith v. Ayer*, 101 U. S. 320; *Hadly v. Kendrick*, 10 Lea, 525. The law however seems settled in this state that an executor

or administrator of an estate has no authority to transfer the debts or evidence of debt due the testator or intestate except as permitted by statute. *Weil v. Jones*, 70 Mo. 560; *Stagg v. Green*, 47 Mo. 500; *Stagg v. Linnenfelser*, 50 Mo. 336. And doubtless this rule would be applicable to the transfer of any personal property of the estate of a decedent. And so a sale or pledge of the assets as a security for, or in payment of, his own debts would not be valid.. *Nugent v. Laduke*, 87 Ind. 482; *Roger's Adm'r v. Zook*, 86 Ind. 237; *Carter v. Bank*, 71 Maine, 448; 2 William's Ex. 1002; *Shaw v. Spencer*, 100 Mass. 383. But such a sale or pledge is perhaps only voidable, and would be treated as valid until called in question by a creditor, next of kin or other person interested in the estate. *Salmon v. Clagett*, 2 Bland's Ch. 169-171; *Kearney v. Vaughn*, 50 Mo. 284; *Connelly v. Hammond*, 51 Texas, 635; *Small v. Railroad*, 55 Iowa, 582; *Copeland v. Ins. Co.*, 6 Pick. 197; *Martin v. Judd*, 60 Ill. 78; *Ex. Ins. Co. v. Ins. Co.*, 55 N. Y. 350; *Huggins Cracker Co. v. Ins. Co.*, 41 Mo. App. 530.

In such case the sale or pledge would, it seems, upon principle become absolutely binding by the acquiescence of those interested. *Brown v. Weaver*, 28 Ga. 377; *Richardson v. Jones*, 3 Gill & J. 164; 2 Sugden on Vendors & P. 696. Without due course of administration the claims of creditors cannot be lawfully satisfied, and neither heirs nor legatees can obtain a title to their legacies or distributive shares out of the estate. A legatee undoubtedly has an inchoate title to the subject of the bequest to him. 2 Redfield on Wills [Ed. 1866] sec. 16, p. 560. And since the legatees in this case were in possession of the mortgaged property, it would seem upon the principle announced in the authorities already referred to, that as between them and the defendant, who was a stranger, the mortgage could not be called in question.

It results from these considerations that the second objection lodged by defendant against the introduction of the mortgage of plaintiff in evidence was untenable, whether it be regarded as a mortgage of the interest of the executor or of the legatees in the property.

But whether this is so or not, since there was some evidence that the property in dispute had belonged to the testator's estate and had been duly set aside under the statute to the widow, who was one of the mortgagors, as a part of her personal dower, the mortgage thereof was admissible in evidence for that reason. There are other points presented by counsel in their briefs, but, in view of the fact that we shall simply reverse the judgment without remanding the cause, it becomes unnecessary to notice the same. The judgment of the circuit court is reversed. All concur.