No. 52.

## MATHIS v. BARNES.

PROMISSORY NOTE.—*Real Party in Interest.*—*Transfer by Guardian of Ward's Note.*—Where a guardian assigns notes belonging to the estate of his ward in payment of his individual debt to the assignee, who has knowledge of the ownership of the notes, the maker may defeat an action thereon by such assignee, on the ground that the assignee has no title, and is not the real party in interest.

From the Scott Circuit Court.

*C. L. Jewett* and *J. H. Shea,* for appellant.

*O. H. Montgomery* and *C. A. Manker,* for appellee.

CRUMPACKER, J.—The complaint in this case declares upon two promissory notes given by the appellee to " Julian C. McClure, guardian of the minor heirs of Dexter McClure, deceased," and which were endorsed by him to the appellant.

An answer consisting of four paragraphs was filed to the complaint, the first three of which allege, in various forms, that the notes sued upon were the property of the minor heirs of Dexter McClure, deceased, for whom said Julian C. McClure was guardian, and that said guardian was indebted to the appellant upon his individual account to the amount of said notes, and assigned them to the appellant in payment of his individual debt; that said assignment was wrongful and unauthorized, and the appellant knew that the notes belonged to the estate of said wards at the time he received them, and that said guardian had no authority to so assign them ; that said guardian never accounted for the proceeds of the notes, and that. he was subsequently removed from his trust by the Scott Circuit Court and his successor appointed. Wherefore, it was claimed that the appellant had no title to the notes, and he was not the real party in interest.

The fourth paragraph is in the nature of a petition, asking that the bondsmen of Julian C. McClure, as guardian, be made parties to the suit. No action was taken upon this

paragraph, so it will not be necessary to give it further notice.

A separate demurrer was filed to each paragraph of answer, which was overruled, and the appellant duly excepted. The cause was put at issue and tried by the court without a jury.

The finding and judgment were in favor of the appellee. The appellant moved for a new trial, because of the failure of the evidence to support the finding, but his motion was overruled, and he excepted.

He assigns as error here the overruling of the demurrer to each paragraph of answer, and the overruling of his motion for a new trial.

We have carefully examined the evidence, and are convinced that it amply sustains the averments of the answer, so if the answer is sufficient the judgment must be affirmed.

Appellant's counsel insist:

1st. That the facts pleaded and proven do not defeat appellant's title to the notes.

2d. If the assignment of the notes to the appellant by the guardian was unauthorized, it was voidable only, and the beneficiaries were the only persons who could avoid it.

It is not denied that the notes were part of the estate of the minor heirs of Dexter McClure, and the appellant knew this at the time he took them. The notes were transferred to him by the guardian in consideration of the surrender of the individual note of the guardian.

It may be conceded that a guardian has the right to sell, assign, or pledge the notes of his ward if it shall be done solely for the ward's benefit; but a guardian has no right to transfer any of the ward's property in payment of his own debt or for his own profit. No principle of law is more firmly settled than this, nor founded in higher sentiments of justice and sound policy. Courts guard with a jealous eye the management of the estates of those who by immature

years or physical misfortune are incapable of managing their own affairs.

The guardian was guilty of malfeasance in office in the transfer of the notes to the appellant, and the appellant, knowing this, became a participant in the wrongful diversion of the trust fund, and to hold that he could acquire title by his wrongful participation in this unlawful act would do violence to every sense of right and fair dealing. It is a maxim of the law of high authority that one shall, not profit by his own wrong. The appellant acquired no title to the notes by the endorsement of the guardian. *Nugent* v. *Laduke*, 87 Ind. 482; *Krutz* v. *Stewart*, 76 Ind. 9; *Thomasson* v. *Brown*, 43 Ind. 203; *Wallace* v. *Brown*, 41 Ind. 436.

Section 2973, R. S. 1881, declares that " Every sale, conveyance, or other act of a trustee, in contravention of a trust, shall be void."

The maker of a promissory note may defeat an action upon the note by pleading and proving that the title is in some one else, and that the plaintiff is not the real party in interest. Under the Indiana code, in the enforcement of executory contracts, it is incumbent upon the plaintiff to show a right in himself, and this question is traversable.

*Krutz* v. *Stewart*, *supra*, was an action very much like the one at bar, and the court said in that case : "As the paragraph of answer in question alleges facts showing that the plaintiff, by the assignment, acquired no right to the note, it must be held good on the ground, if on no other, that it shows that the action is not prosecuted by the real party in interest."

In the case of *Prosser* v. *Leatherman*, 4 How. (Miss.) 237, upon the same question, the court said : " It is a good defence to an action on a promissory note, that the note belonged to the estate of a deceased person, and that the plaintiff received it of the administrator in payment of an individual debt due by the latter, or in exchange for other property, with full knowledge of the fact." See, also, to the

same point, *Pixley* v. *Van Nostern*, 100 Ind. 34; *Board, etc.*, v. *Jameson*, 86 Ind. 154; *Swift* v. *Ellsworth*, 10 Ind. 205.

The transfer to the appellant of the notes sued upon was void, and vested no title in him. This fact constituted a good defence to his action to enforce their collection.

The judgment is affirmed, with costs.

