## STEVENSON v. CLOUD.

A deed executed since 1807, conveying land in this state, is valid between the parties, though it be unacknowledged and be without a subscribing witness.

APPEAL from the *Hamilton* Circuit Court.

DEWEY, J.—This was an action of disseisin. By consent of parties, the cause was tried by the Court without a jury. Judgment for the plaintiff below.

At the trial, the plaintiff offered in evidence a deed of conveyance for the premises in dispute to himself, which he proved to have been executed by the defendant. The deed had not been acknowledged, and was without a subscribing witness. The defendant objected to its admissibility, contending that it was invalid because it did not bear the attestation of two witnesses. The objection was overruled, and exception taken.

In support of his position against the validity of the deed, the appellant relies upon the provision in the ordinance of congress of 1787, that "real estate may be conveyed by lease and release, or bargain and sale, signed, sealed, and delivered, by the person being of full age in whom the estate may be, and being attested by two witnesses." This enactment, it is contended, has never been repealed, and is now the law governing the conveyance of real property in this state.

In this opinion we do not concur. As early as 1795 the governor and judges of the then territory, acting under the authority of the ordinance, adopted the common law of

*England*, and the general statutes of that kingdom made in aid thereof prior to the fourth year of the reign of *James* the first ; but, from the language of the adoption, it remained doubtful whether the adopted laws superseded those then in force in the territory with which they were incompatible. Laws 1795, p. 175.

However this matter may be, the territorial legislature, in 1807, expressly repealed all the laws in existence at the beginning of the session of that year, and enacted that the revisal of those laws, as made by *John Johnson* and *John Rice Jones*, should, with the several additions, alterations, and amendments made by that legislature, have full force and effect, and that those laws, so revised, altered, and amended, should, with the laws passed at that session, be the only statute laws in force in the territory. R. C. 1807, p. 539.

The same legislature also declared that the common law, and the *British* statutes made in aid thereof prior to the fourth year of the reign of king *James* the first of a general nature (with certain exceptions,) and also the several laws in force in the territory, should be the rule of decision, and should be considered as of full force until repealed by legislative authority. R. C. 1807, p. 139.

The revised code of 1807 does not contain the provision of the ordinance respecting the attestation of deeds ; and as it expressly repeals all laws not contained in itself, that provision ceased to be law after the passage of that code.

The adoption of the common law of *England*, and the general statutes of that kingdom in aid thereof passed prior to the fourth year of *James* the first (with certain exceptions,) has been repeated at every revision of our statutes since 1807 ; and these laws are now in force here so far as they are consistent with our own legislative acts (1).

To these adopted laws, as we have no specific statutory provision on the subject, we must look for the principle which is to settle the question, whether a conveyance of real property in this state is valid without a subscribing witness.

In very ancient times it was customary to insert in deeds of feoffment the clause of *hiis testibus ;* but the practice was entirely abandoned in the reign of Hen. 8 : and although it has been since that time, and is now, usual in *England* to

have deeds attested by two witnesses, it is done to facilitate the proof of their execution, and is not essential to their validity, whether the conveyance be of common law or statutory origin. Co. Litt. 7 a, 35 b.—2 Bl. Comm. 307, 378.

A deed executed since the passage of the revised code of 1807 conveying land in this state, although unacknowledged and without the attestation of a witness, is valid between the parties. The Circuit Court, therefore, committed no error in admitting the deed in question in evidence on the trial of this cause.

The record shows there was a motion for a new trial, on the ground that the evidence was not sufficient to sustain the plaintiff's cause, and that the motion was overruled. We do not think the finding of the Court was so clearly against the weight of the testimony as to authorise us to set it aside.

*Per Curiam.*—The judgment is affirmed with costs.

C. *Fletcher*, O. *Butler*, and H. *Brown*, for the appellant.

W. *Quarles* and P. *Sweetser*, for the appellee.

(1) The statutes which are excepted from the operation of the act of 1807 adopting the *English* statutes, &c. are to the following effect :

The statute of 37 *Henry* 8, chap. 9, established the rate of interest for money lent, &c. at 10 *per cent. per annum*, and prescribed a penalty for taking more ; and that of 13 *Elizabeth*, chap. 8, revived the said statute of *Henry* 8, which had been repealed,—adding some new provisions on the subject. Comyn on Usury, 255 to 263.

The statute of 43 *Elizabeth*, chap. 6, sec. 2, enacts that if in personal actions in the Courts at *Westminster*, not being for any title or interest of lands, &c. nor for any battery, it shall appear that the debt or damages to be recovered therein shall not amount to 40s., the judges shall not award to the plaintiff any more costs than the sum of the debt or damages so recovered shall amount to, but less at their discretion. 2 Bac. Abr. 35.

There are no exceptions in the act of 1795, cited in the text ; but the revised codes subsequent to 1807 contain a copy of the act of 1807, making the above named exceptions.