Latta *et al. v.* Miller, Administrator.

No. 12,141.

## LATTA ET AL. *v.* MILLER, ADMINISTRATOR.

PLEADING.—*Complaint.*—*Anticipated Defence.*—*Promissory Note.*—*Release of Maker Endorsed Thereon.*—Where a complaint counts upon a promissory note, and the anticipated defence to the note is a written release of the maker so endorsed on the note as to become in some sense a part of the cause of action, the plaintiff may state in the complaint the anticipated defence and the facts intended to show that it is invalid; but if the facts stated in avoidance of the defence are not sufficient for that purpose, the complaint is bad on demurrer.

ADMINISTRATOR.—*Power to Release Maker of Promissory Note.*—Under the law of this State an administrator has power, in good faith and upon a sufficient consideration, to release one of the makers of a promissory note, executed to him in his fiduciary capacity, from liability for the balance of the note remaining unpaid.

From the Elkhart Circuit Court.

*J. H. Baker* and *F. E. Baker*, for appellants.

*R. M. Johnson, E. G. Herr, H. D. Wilson* and *W. J. Davis,* for appellee.

HOWK, J.—In this case, the appellee Miller, administrator of the estate of Jacob Beckner, deceased, sued the appellants, Latta and Sparklin, in a complaint of four paragraphs, upon a promissory note, of which the following is a copy :

"$790.               GOSHEN, IND., April 27th, 1881.

"Fourteen months after date, we promise to pay to the order of William C. Miller, guardian of J. Beckner, seven hundred and ninety dollars, at our office, for value received, without any relief whatever from valuation or appraisement laws, with seven per cent. interest from date until paid, and attorneys' fees.          (Signed)   LATTA & SPARKLIN."

The appellants severed in their defence, and each answered separately in four special paragraphs; to each of which paragraphs the appellee's demurrer, for the alleged want of facts, was sustained by the court. The appellants severally declined to amend or plead further, and judgment was rendered

against them, in appellee's favor, for the amount found due on their note, and the costs of suit.

In this court, the appellants have separately assigned errors, which call in question the decisions of the circuit court, (1) in overruling their separate demurrers to each paragraph, except the third, of appellee's complaint, and (2) in sustaining appellee's demurrers to each paragraph of their separate answers.

The cause was submitted in this court by agreement, on the 3d day of February, 1885. It does not appear that any brief or argument has ever been filed here by or on behalf of the appellant, Sparklin; and, therefore, this appeal must be dismissed as to him, at his costs, under rule 14 of the rules of this court, for the want of such brief. This leaves for our consideration and decision such questions only as are presented by the errors assigned by the appellant, Latta; and these are the only questions discussed by counsel, in their briefs of this cause.

On behalf of appellant, Latta, it is first insisted that the court below erred in overruling his demurrer to the first paragraph of appellee's complaint. In this first paragraph, the appellee alleged that, on the 27th day of April, 1881, he was the legal guardian of the person and estate of one Jacob Beckner, then an inhabitant of Elkhart county, and a person of unsound mind; that, on the day last named, the appellants were partners in business under the firm name of Latta & Sparklin; that, on said day, at the instance and request of the appellants, the appellee, as such guardian, loaned them, of the money and property of said Jacob Beckner, under guardianship as aforesaid, the sum of $790, and the appellants, on the same day, received such money as partners and used the same in their partnership business, and evidenced such loan by their promissory note, setting out the same note whereof a copy is heretofore given in this opinion; that at the time such money was so loaned to appellants, they well knew that the money was trust funds belonging to the estate

of said Jacob Beckner; that, after the execution of such note, to wit, on the 14th day of October, 1881, said Jacob Beckner died at Elkhart county, and afterwards, on October 20th, 1881, the appellee was appointed and qualified, and was then acting, as administrator of such decedent's estate; that afterwards, and after the 2d day of April, 1882, the appellants, Latta and Sparklin, dissolved their copartnership, without having paid or arranged for the payment of their aforesaid note; that, on April 2d, 1882, the appellant Latta, then and there well knowing that appellee was the administrator of such decedent's estate, and that the debt evidenced by such note was of the trust moneys of such estate, and not otherwise, proposed to appellee that he would then pay on such note an amount equal to the one-half of the principal and of the accrued interest thereof, and then and there asked appellee to receive the same; that appellee accepted such proposition and received such money, without any consideration whatever therefor and solely to accommodate appellant Latta (*except* the payment of the one-half of the amount then due on such note); that appellant Latta, on April 2d, 1882, paid appellee the sum of $422.18, of the trust funds belonging to such estate, and the appellee then and there, in his individual capacity and not as administrator, receipted to appellant Latta, for the sum so paid, by signing his name to a writing endorsed on such note, in the words and figures following, to wit:

" Having received one-half of the value of this note from M. M. Latta, I hereby release all claim on him for the balance. April 2d, 1882. (Signed) WILLIAM C. MILLER."

But with the intent and "distinct understanding by each of these parties," that said Sparklin should in no manner thereby be released or discharged from his liability on said note; and the appellee averred that the residue of such note was then due and owing to him, as administrator. Wherefore, etc.

In each of the second and fourth paragraphs of his com-

plaint, appellee sued appellants for the recovery of the same sum of money, belonging, as alleged, to the "trust funds" of the estate of appellee's intestate, mentioned in the promissory note declared upon in the first paragraph of such complaint. The second paragraph of complaint contained no reference whatever to any promissory note; but in such paragraph, appellee said that on the 27th day of April, 1881, he was the lawful guardian of the person and estate of one Jacob Beckner, who was then and there a person of unsound mind and an inhabitant of Elkhart county; that on said day appellee, as such guardian, loaned appellants, then partners doing business in such county, under the firm name of Latta & Sparklin, $790 of the funds and property of the estate of said Jacob Beckner; that appellants then and there well knew that the money, so loaned to them, was of the funds and money of said estate; that afterwards, on October 14th, 1881, said Jacob Beckner died at such county, and appellee was administrator of such decedent's estate; and that the sum of money so loaned appellants, "trust funds as aforesaid," with interest from April 27th, 1881, was then due and owing appellee from the appellants, and wholly unpaid. Wherefore, etc.

In the fourth paragraph of his complaint, appellee again declared upon the promissory note, heretofore copied in this opinion, and stated substantially the same facts in relation to the note and the endorsement thereon, as were stated in the first paragraph of complaint, the substance of which we have already given. The fourth paragraph covers nearly three times as many pages of manuscript as the first paragraph of complaint, and this constitutes the principal difference between the two paragraphs. The material facts of appellee's cause of action, as stated in the fourth paragraph of his complaint, are concealed and almost wholly lost in a dense mass of unnecessary verbiage. Such pleading is a proper subject of criticism and, speaking mildly, can not be commended.

Appellant's learned counsel concede, in argument, that the second paragraph of appellee's complaint is " probably good ; " but they vigorously assail the first and fourth paragraphs of such complaint, upon the ground that neither of these paragraphs stated facts sufficient to constitute a cause of action against the appellant Latta.

Of the first paragraph of complaint counsel say : " In addition to the averments as to the execution and non-payment of the note, the paragraph sets up a valid release of all liability thereon. Such pleading ought not to be tolerated by the courts, as it violates the fundamental principles of good pleading. It attempts to embody in the complaint a cause of action, an anticipated defence, and matter in avoidance of such defence." What is thus said by counsel, in relation to the first paragraph, might be equally as well said of and concerning the fourth paragraph of complaint.

Doubtless, it is true as a general rule, that good pleading requires, under our civil code, that the complaint or paragraph thereof shall contain no more than "A statement of the facts constituting the cause of action, in plain and concise language, without repetition." Section 338, R. S. 1881. But, like other general rules, this one has its exceptions ; and the case in hand falls within the exceptions to the general rules of good pleading. Where, as in this case, the complaint or paragraph thereof counts upon a promissory note, and the anticipated defence to the suit is the written release of the maker from all liability on such note, by the payee and holder thereof, so endorsed on the note as to become in some sense, and to some extent, a part of the cause of action, it seems to us that the plaintiff can not well avoid the statement, in such complaint or paragraph, of such anticipated defence, and of the facts which show, as claimed by him, that such defence was and is invalid and void. It is true, no doubt, as appellant's counsel insist, that where the complaint or paragraph thereof, after stating the plaintiff's cause of action, sets up an anticipated defence thereto, and then attempts

to avoid or defeat such defence by the statement of alleged facts in relation thereto, if the facts thus stated are not sufficient to avoid or defeat such anticipated defence, the complaint or paragraph thereof must be held bad on demurrer thereto for the want of facts. This must be so, in the nature of things, because the anticipated defence, if not avoided, constitutes a complete bar to the cause of action stated in the complaint or paragraph thereof.

Appellant's counsel then discuss, with much learning and ability, (1) the alleged sufficiency of the anticipated defence to defeat or bar the cause of action stated in the first and fourth paragraphs of the complaint, and (2) the alleged insufficiency of the matters in avoidance pleaded by appellee, in these two paragraphs of complaint, to avoid or defeat such anticipated defence.

The controlling questions in the case, however, are presented fairly for both parties, as it seems to us, by the errors assigned by appellant Latta, upon the decisions of the court, in sustaining appellee's demurrers to each of the four paragraphs of his separate answer. The first paragraph of such answer was pleaded to the first, second and fourth paragraphs of complaint, and therein appellant Latta admitted the execution of the note in suit, as alleged in such complaint; but appellant averred that appellee ought not further to have an action against him, for that on April 21st, 1882, and about two months before the maturity of such note, the appellee, having doubt about appellant's ability to pay such note, or any part thereof, when it should fall due, and there being, in fact, great doubt whether appellant would have sufficient property, subject to execution, when the note should become due, to pay such debt, in consideration that he agreed, at appellee's request, to procure the sum of $422.18, which he did not then have, and to pay to appellee, as such administrator, such sum of money, being the one-half of the principal and accrued interest on such note, before the same fell due, did, as such administrator, without any fraud or misrepresentation

or undue advantage on appellant's part, agree to release appellant from all liability on said note and indebtedness, and to endorse such release on such note; and appellant said that on the faith of such agreement, he procured said sum of money, which he did not then have, and then and there paid the same to appellee, as such administrator, who then and there, without any fraud on appellant's part, accepted the same in full payment and release of appellant's liability on said note and indebtedness, and then and there executed his release on the back of note, as follows:

"Having received one-half the value of this note from M. M. Latta, I hereby release all claim on him for the balance. $422.18.    April 21st, 1882.

(Signed)    "William C. Miller."

And appellant said, that, in consideration of said agreement and release, he procured and paid to appellee, as such administrator, said sum of $422.18, without any knowledge on his part that his co-defendant, Sparklin, might be thereby released from such note, which sum of money appellee accepted in full payment and release of appellant's liability on said note and indebtedness, and which sum appellee still retained.

The second paragraph of Latta's separate answer was addressed to the second paragraph only of appellee's complaint, and therein he admitted that appellee, at the time stated in the second paragraph of complaint, loaned the sum of money therein mentioned to the firm of Latta & Sparklin; but appellant averred that at appellee's request, on the day such loan was made, and as a part of its terms, Latta & Sparklin executed to appellee, to evidence such indebtedness, their note in words and figures following: (Setting out the note, a copy of which is heretofore given in this opinion). And appellant averred that the sum of $790, mentioned in such note, was the same money mentioned in the second paragraph of appellee's complaint. Appellant then alleged, in such second paragraph of his answer, substantially the same facts, in almost

the same language, and set out the same written release of all claim on him for the balance of the note, which he had pleaded in the first paragraph of his answer.

The third paragraph of Latta's separate answer was an answer to the first and fourth paragraphs of appellee's complaint, and therein Latta admitted the execution of the note sued on, but he said that appellee ought not further to have his action thereon against him, for that on April 21st, 1882, and about two months before such note became due, appellee, knowing that the makers of such note, who had been at a previous time partners in the practice of medicine, had dissolved their partnership, and that they had each agreed to assume and pay the one-half of all their joint obligations, requested appellant Latta to pay him the one-half of the principal and interest then accrued, on such note, which then amounted to $422.18, and the appellee then and there, in consideration that Latta, who did not then and there have that amount of money, would procure and pay him that sum, agreed with Latta to accept such sum in full payment and release of all his liability on such note, and to look to Sparklin alone for the payment of the balance of the money mentioned in said note ; that Latta then and there accepted and agreed to the aforesaid promises and agreements of appellee, and in consideration thereof, and in reliance thereon, he at great inconvenience borrowed such sum of $422.18, and then and there paid the same to appellee, as such administrator, who then and there, in pursuance of said agreement, and in consideration that Latta would and did pay him, as such administrator, such sum of $422.18 on such note, about two months before the same became due, executed upon the back of such note a full release and discharge of Latta from all liability on such note, which release still remained in full force, and was in the words and figures following : (Setting out the same written release, heretofore copied in this opinion).

And appellant Latta denied that he was ever the family physician of appellee, and he denied each and every charge

of fraud, misrepresentation or undue advantage, in procuring said release, charged in such paragraphs of appellee's complaint.

The fourth paragraph of Latta's answer was addressed to the fourth paragraph only of appellee's complaint, and contained substantially the same admissions, averments of facts and denials, as the third paragraph of such answer.

It is claimed on behalf of the appellant Latta, and correctly so we think, that the rulings of the court below upon the several paragraphs of his answer, and the errors assigned here upon such rulings, fairly present for our decision the question of the validity and binding force of appellee's written release of Latta from all liability on the note in suit. In other words, upon the facts stated in these paragraphs of answer, had the appellee as administrator power and authority, under our law, in good faith and upon a sufficient consideration, to release Latta from all claim on him for the balance of the note in suit? We are of opinion that this question must be answered in the affirmative.

In *Underwood* v. *Sample*, 70 Ind. 446, the appellant, as executrix of a decedent's will, had sued appellee, Sample, and one McBride upon a promissory note, executed by them to the decedent in his lifetime. Sample had answered specially to the effect that McBride was principal, and he was surety only, in the note sued on; that, without his knowledge or consent, the executrix had agreed with McBride, the principal in such note, upon a new and valuable consideration, to extend the time of payment of the note for five years after its maturity. Upon appeal, it was objected to the sufficiency of Sample's special answer, that appellant had no power, as executrix, to make a contract for the extension of the time of payment of the note. But it was held by this court, that an executor has power to extend the time of payment of a debt due the estate of his testator. It was there said: "The executor has, in this State, a general, and in many respects an absolute, power over the debts due the estate of his tes-

tator. When done without fraud or collusion, he may assign or release such debts and may exercise general acts of ownership over them in regard to their security or collection, subject only to his liability on his bond for any loss which may occur by reason of his mismanagement of such debts."

"The common law of England, and statutes of the British Parliament made in aid thereof prior to the fourth year of the reign of James the I." (A. D. 1607), (with certain exceptions), which are of a general nature, not local to that kingdom, and not inconsistent with our Constitutions and statutes, Federal and State, constitute now, as they have always constituted, a very large part of the law of this State. Section 236, R. S. 1881; *Stevenson* v. *Cloud,* 5 Blackf. 92; *Lafayette, etc., R. R. Co.* v. *Shriner,* 6 Ind. 141; *Dawson* v. *Coffman,* 28 Ind. 220.

In *Weyer* v. *Second Nat'l Bank,* 57 Ind. 198, this court said: "At common law, an executor or administrator had the same property in, and, of course, the same powers over, the personal effects or estate of his decedent, that such decedent had at and before his death. In *Whale* v. *Booth,* 4 T. R. 625, note *a,* Lord MANSFIELD, C. J., said: 'The general rule both of law and equity is clear, that an executor may dispose of the assets of the testator; that over them he has absolute power; and that they can not be followed by the testator's creditors.'"

It will be understood, of course, that an administrator has the same property in, and the same powers over, the personal estate of his decedent, as an executor; because the law is, that after administration has been granted, "the power of an administrator is equal to, and with, the power of an executor." 2 Williams Exec., 6th Am. ed., p. 992.

The common law rights and powers of an executor or administrator, over promissory notes, bills of exchange or other evidences of debt, belonging to the decedent's estate, so far as we are advised, have never been changed or restricted even by statute in this State, but have often been recognized

in the decisions of this court. Thus, we have often held that an executor or administrator may transfer, by his endorsement, promissory notes payable to his decedent, so as to vest the absolute title thereto in his assignee. *Thomas* v. *Reister,* 3 Ind. 369; *Hamrick* v. *Craven,* 39 Ind. 241; *Thomasson* v. *Brown,* 43 Ind. 203; *Krutz* v. *Stewart,* 76 Ind. 9; *Rogers* v. *Zook,* 86 Ind. 237.

Indeed, the only restraint upon the common law rights and powers of an executor or administrator, in or over promissory notes and other evidences of debt, belonging to the decedent's estate, is imposed, not by statute in this State, but by the decisions of this court. Thus, where an executor or administrator barters and assigns promissory notes belonging to his decedent's estate, for his own private purposes, to an assignee with notice, we have held, and correctly so we think, that such transfer of the notes was simply a *devastavit* of the estate; and that any one who, with notice, participated in such *devastavit,* would be liable for the full amount to any creditor, subsequent administrator, or heir at law, of the decedent. *Thomasson* v. *Brown, supra; Fleece* v. *Jones,* 71 Ind. 340; *Rogers* v. *Zook, supra.*

In the case in hand, it is not claimed on either side that the transaction between appellee and appellant, which resulted in the release of Latta from liability for the balance of the note in suit, was a *devastavit* of the estate of appellee's intestate. Indeed, so far as the record shows, appellee, in good faith and for a valuable consideration, released appellant Latta from further liability on the note in suit. Appellee, as administrator, under the law of this State, had full power and authority to execute the release; and such release, upon the facts stated in each paragraph of Latta's answer, constituted a valid and sufficient defence in bar of appellee's action.

The court clearly erred, we think, in sustaining appellee's demurrers to each and every paragraph of Latta's answer.

The judgment against Latta is reversed, with costs, and

the cause is remanded with instructions to overrule the demurrers to the several paragraphs of Latta's answer, and for further proceedings in accordance with this opinion.

MITCHELL, J., took no part in the decision of this cause.
Filed Jan. 27, 1887.