## Pein et al. *v.* Miznerr, by Next Friend.

[No. 21,210. Filed May 26, 1908. Rehearing denied July 1, 1908.]

1. APPEAL.—*Term-Time.—Parties.*—A part of the judgment defendants may perfect a term-time appeal without making their codefendants coäppellants, or without notifying their codefendants of such appeal. p. 663.

2. PARTIES.—*Partnership.—Trade Names.*—Partners should be sued in their individual names and not in their trade name. p. 633.

3. PLEADING. — *Complaint. — Conclusions. — Recitals.—Master and Servant.*—Allegations that "by reason of the absence of a hood over the rollers, and the absence of necessary guards, and by reason of the hazardous and dangerous work, and for lack of instruction and knowledge, her [plaintiff's] hand was inadvertently caught in such roller," are mere recitals and conclusions, and are not admitted as true by a demurrer. p. 664.

4. WORDS AND PHRASES.—*"Inadvertently."*—The word "inadvertently" means heedlessly; carelessly; inconsiderately. p. 665.

5. PLEADING.—*Complaint.—Presumptions as to Stated Facts.*—The presumption is conclusive that a pleader intends what he alleges in his complaint, that the facts stated in favor of the opposite party are warranted and that the facts are stated in his client's favor as strong as possible. p. 665.

6. SAME.—*Complaint.—Use of Words.*—The words in a complaint are presumed to have been used advisedly and with the ordinary signification, when nothing appears to the contrary. p. 665.

7. PLEADING.—*Complaint.*—*Master and Servant.*—*Contributory Negligence.*—*Dangerous Machinery.*—A complaint alleging that by reason of the absence of the proper guards on dangerous machinery plaintiff's hand "was inadvertently caught" therein, to her injury, affirmatively shows that she was guilty of contributory negligence, and such complaint is insufficient on demurrer. p. 666.

From Marion Circuit Court (14,327); *Henry Clay Allen,* Judge.

Action by Mary E. Miznerr, by her next friend, against George W. Pein and another. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court (41 Ind. App. 255) under clause 1, §1394 Burns 1908, Acts 1901, p. 565, §10. *Reversed.*

*Joseph W. Hutchinson* and *William A. Ketcham,* for appellants.

*George W. Galvin* and *William A. Reading,* for appellee.

JORDAN, J.—Appellee, a minor, commenced this action in the lower court by her next friend to recover damages for personal injuries sustained by her while in the employ of appellants in their laundry in the city of Indianapolis. The complaint originally was in two paragraphs, but after the commencement of the trial counsel for appellee dismissed the first paragraph, and the cause was submitted to the jury upon the second, and the verdict returned is based upon that paragraph. It alleges that "the defendant Model Steam Laundry Company is duly incorporated and operating under the laws of the State of Indiana; that the defendants Pein and Washburn are the proprietors in charge of said laundry company; that said Model Steam Laundry Company is operated and conducted in the city of Indianapolis for the purpose of general laundry work, and in its operation has machines of divers and sundry make and construction, and such appliances are necessary in the conduct of such business; that on June 14, 1905, said defendants were operating such laundry, and in the operation of the

same had many men, women and children employed; that among the children employed by said defendant was this plaintiff, a child, at the time, of less than fifteen years, who was negligently and carelessly directed to assist in operating a machine commonly known and designated as a mangle, which was a large, iron machine and worked by cogs, gearing, set-screws, belting and rollers, three of such rollers being covered and the other roller being heated to a great heat, unknown to plaintiff but well known to defendants; that such rollers, though they could readily have been guarded and made safe, had no hood or other guard, contrary to the laws of the State of Indiana, and were operated in their exposed and unguarded condition, though they might and could readily and easily have been guarded without in any manner interfering with their use or usefulness; that this plaintiff was unacquainted with the construction or perils of such mangle, its different parts, movements and operations, and knew nothing of the dangers incident to employment in and about such machine, which defendants well knew, or by the exercise of reasonable care could have known; that on said June 14 she was directed by those in charge, to whose orders she was bound to conform by virtue of her employment, and did at the time conform, without advice, counsel, instruction or warning of peril, the need of which was well known to defendants and each of them, or by the exercise of reasonable care could have been known, to assist in tying the strings on the covered rollers, being wholly uninstructed or uninformed theretofore as to any danger to be apprehended from the rollers or either of them or any part of said mangle; that, at the time, such cogs, gearing and rollers were in motion, but, under her instruction, she supposed that she was required to assist in tying such strings while said cogs, gearing and rollers were in motion, and did not know that such motion rendered the work hazardous; that such strings could have been tied and secured before the rollers were placed in motion, but of this fact plaintiff had no knowledge, not

having experience or instruction, defendants not having instructed her as to the manner or way of doing such work, though ·well knowing the necessity so to do; that, pursuant to the direction of the person in charge, to whose orders she was bound to conform, she proceeded to assist in tying such strings, as the first work of the morning, and while in the act of assisting in tying such strings, and by reason of the absence of a hood over the rollers, and the absence of necessary guards, and by reason of the hazardous and dangerous work and of lack of instruction and knowledge, *her hand was inadvertently caught in such rollers, drawn upon and against said heated roller and between such roller and the one next to the same, and crushed, mangled and burned.*" (Our italics.)   Here follow averments in respect to the extent and character of the injury sustained, the suffering of appellee occasioned thereby, and judgment is demanded for $15,000.

Appellants Pein and Washburn separately and severally demurred to each paragraph of the complaint, on the ground of insufficiency of facts.   These demurrers were overruled by the court, and proper exceptions reserved. The answer of appellants was a general denial.   Upon the issues joined between the parties the case was tried by a jury, and a general verdict returned in favor of appellee for $3,000, together with answers to interrogatories.   Joint and separate motions were filed by Pein and Washburn: (1) For a *venire de novo;* (2) for judgment on the answers to the interrogatories.   These motions were overruled, exceptions reserved, and thereupon said appellants moved for a new trial, which motion was overruled, to which ruling they severally excepted.   The court then rendered and entered a judgment against appellants Pein and Washburn and the Model Steam Laundry Company for $3,000, together with costs.   Thereupon appellants filed their motion to modify the judgment by striking out the words "Model Steam Laundry Company."   This motion was over-

ruled, and the judgment was permitted to stand as rendered.

From this judgment appellants appealed in term time, and have assigned as errors, among others, the court's overruling of their separate and several demurrers to the second paragraph of the complaint.

Appellee has moved to dismiss this appeal, upon the ground that the Model Steam Laundry Company is a co-party of appellants in the judgment, and has not

1. been united with them as a coäppellant and notified, as required by the statute. This is a term-time, and not a vacation, appeal, hence appellants were not required to unite with them as a coäppellant the Model Steam Laundry Company. Acts 1895, p. 179, §§675, 676 Burns 1908; *Keiser* v. *Mills* (1904), 162 Ind. 366; *Gunn* v. *Haworth* (1902), 159 Ind. 419. The motion to dismiss is, therefore, overruled.

The Model Steam Laundry Company, as the evidence discloses, and as the jury finds in answer to interrogatories, is

2. nothing more than the trade name under which appellants operate a copartnership of which they are members. In fact, as shown, the Model Steam Laundry Company is a mere nonentity, and has no proper standing in this case as a party. It will be observed that appellee, in the second paragraph of the complaint, relies upon two grounds of negligence: (1) Appellants' neglect to warn and instruct her of the dangers of the machine upon which she was required to work; (2) their failure properly to guard the same, as required by law. Counsel for appellants insist that this paragraph of the complaint is insufficient on demurrer, for the reason that it is therein disclosed that appellee, at the time she was injured, was guilty of contributory negligence. Counsel argue that if it were conceded that, under the allegations of the paragraph, appellants were negligent, nevertheless the averment that appellee's hand was inadvertently caught in such rollers

makes it affirmatively appear that her hand was carelessly caught in the rollers, or, as the word means, "caught by reason of her inattention and lack of care."

In answer to this contention counsel for appellee, in their brief, say: "Possibly the word 'inadvertence' was not used advisedly in writing the complaint, but it is not charged that the plaintiff inadvertently placed her hand in or upon the machine,· or that she inadvertently did anything. It was charged that plaintiff's hand was inadvertently caught, or, as the gentlemen prefer, the hand was negligently and carelessly caught, and if they can twist the meaning so as to apply to the negligence and carelessness of any other than the defendants, then we fail to appreciate the correct use of language. * * * The inadvertence was that of the parties in charge of the mangle."

The part of the second paragraph immediately preceding the averment that appellee's hand was "inadvertently caught" is as follows: "By reason of the absence of a hood over the rollers, and the absence of necessary guards, and by reason of the hazardous and dangerous work, and for lack of instruction and knowledge, her hand was inadvertently caught in such roller." This latter statement is but a· mere recital and conclusion, and contains no allegations of fact in respect to the negligence of appellants. It cannot be accepted as in any manner attributing the happening of the accident to the negligence of appellants. The recitals do not sustain the claim of counsel for appellee that her inadvertence must be applied to or charged against appellants, or to the persons in charge of the mangle. It is a well-settled rule that mere recitals or conclusions of law in a pleading are of no effect. They cannot be said to be admitted as true by a demurrer. *City of Logansport* v. *Kihm* (1902), 159 Ind. 68, 71, and authorities cited; 12 Ency. Pl. and Pr., 1024, 1025, 1028.

The word "inadvertently," as used in the pleading, is

an adverb, and was evidently employed by the pleader to modify the verb "caught." It is a term derived from the word "inadvertence" or "inadvertency," and we may resort to the definition of these latter words to discover its meaning. Lexicographers, accepted as authorities on the meaning of words and terms, give the meaning of "inadvertence" as follows: Webster's International Dictionary: "The quality of being inadvertent; lack of heedfulness or attentiveness; inattention; negligence." Standard Dictionary: "The quality of being inadvertent; want of care or circumspection; 2. An effect of inattention." Century Dictionary: "Inattention; negligence; heedlessness." The latter work defines the word "inadvertently" as follows: "In an inadvertent manner; heedlessly; carelessly; inconsiderately."

In considering the averment, that her hand was inadvertently caught in the rollers of the machine, we must assume that the facts in the case are such as will warrant this allegation, for we cannot presume that the pleader, in drafting the complaint, would make a statement favorable to the defendants unless the facts in the case are such as to justify such statement. It may always be presumed that a party's pleading is as strong in his favor as the facts to sustain it will warrant. *Cincinnati, etc., R. Co.* v. *Smock* (1893), 133 Ind. 411; *Wabash R. Co.* v. *Engleman* (1903), 160 Ind. 329; 4 Ency. Pl. and Pr., 746.

Nothing to the contrary appearing, we may presume that the term "inadvertently" was advisedly employed by the pleader, with the knowledge of its ordinary and usual meaning and signification, and that he intended the term to be interpreted accordingly. 4 Ency. Pl. and Pr., 748; *Texas, etc., R. Co.* v. *Bayliss* (1884), 62 Tex. 570.

Considering the well-defined and usually-understood

meaning of the term, it may be said that the paragraph in question affirmatively discloses that the injury which

7.    appellee sustained was the result of or due to her own inattention, lack of care, or negligence at the time she was injured.    By §362 Burns 1908, Acts 1899, p. 58, contributory negligence on the part of a complainant, in a personal injury case, is made a matter of defense.    If it could be said that the paragraph sufficiently pleads facts to constitute a right of action, it may also be asserted, for the reasons stated, that it discloses contributory negligence on the part of appellee, or, in other words, that it shows a right of defense in favor of appellants, and is therefore bad on demurrer.    *Behrley* v. *Behrley* (1883), 93 Ind. 255; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232.

The paragraph in question is insufficient, and the court erred in overruling the separate demurrers of appellants thereto.    Judgment reversed, and cause remanded, with instructions to the lower court to sustain said demurrers.