## CRAWFORD & McCRIMMON COMPANY v. GOSE.

[No. 6,087. Filed March 9, 1909.]

1. APPEAL.—*Erroneous Ruling Precedent.*—*Transfer.*—Where a ruling precedent of the Supreme Court is deemed erroneous, it is the duty of the Appellate Court to transfer the pending case to such court with a recommendation to overrule such precedent. p. 376.

2. NEGLIGENCE.—*Proximate Cause.*—*Maxims.*—The doctrine of proximate cause is embodied in the maxim, *"causa proxima non remota spectatur."* p. 376.

3. NEGLIGENCE.— *Unguarded Cogwheels.— Slipping and Falling Into.*—Where a servant slips, throwing his hand, in falling, into an unguarded cogwheel, the statute (§8029 Burns 1908, Acts 1899, p. 231, §9) requiring such cogwheel to be guarded, the proximate cause of the injury is the failure of the master to guard such cogwheel, proximate cause always having relation to the injury. p. 376.

4. STATUTES.—*Factory Act.—Purpose.*—The object of section nine of the factory act (§8029 Burns 1908, Acts 1899, p. 231) was to compel factory owners to guard their dangerous machinery, and thereby save the employes from death or injury. p. 377.

5. STATUTES.—*Factory Act.—Nullification by Judicial Decision.*— Under judicial decisions holding that under §8029 Burns 1908, Acts 1899, p. 231, §9, requiring dangerous machinery to be guarded, servants who stumble, slip or misjudge, are not protected thereby, and that persons who purposely get hurt thereby cannot recover, and that the absence of such required guard does not constitute a proximate cause of an injury received by reason of the failure to guard, such act is practically nullified. p. 377.

6. NEGLIGENCE.—*Proximate Cause.—Substantial Rights.—Logic.*— The law should not refine the doctrine of proximate cause to the point of denying substantial justice, the subtleties, disputations, and learning of the schoolmen not being applicable thereto. p. 378.

From Clay Circuit Court; *Presley O. Colliver,* Judge.

Action by John W. Gose against the Crawford & McCrimmon Company. From a judgment for plaintiff, defendant appeals. (For decision of Supreme Court, see 172 Ind. 81.) *Transferred to Supreme Court.*

*McNutt & Shattuck,* for appellant.

*George A. Knight, A. W. Knight* and *George H. Batchelor,* for appellee.

ROBY, J.—This is an action by appellee to recover damages for personal injuries alleged to have been caused by appellant's failure to comply with that provision of the factory act requiring cogwheels to be guarded. Acts 1899, p. 231, §9, §8029 Burns 1908. A demurrer to the complaint for want of facts was overruled, a general denial was filed, trial had, a verdict returned in appellee's favor for $345, appellant's motion for a new trial overruled, and judgment rendered on the verdict.

Two main questions are presented on this appeal. They are (1) whether the absence of the guard complained of was the proximate cause of the injury; (2) whether the factory act required the cogwheels, by which such injury was inflicted, to be guarded. The order in which these questions are stated is the order fixed by the Supreme Court. *Pein* v. *Miznerr* (1908), 41 Ind. App. 255; *Pein* v. *Miznerr* (1908), 170 Ind. 659; *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132. These questions arise both on the motion for a new trial and upon the complaint, which is in substance as follows: That defendant is a corporation operating a foundry and machine plant in Brazil, Indiana; that plaintiff was employed by defendant as a moulder's helper, and it was his duty to elevate, by means of a crane, iron vessels filled with moulten metal to the top of the moulds; that the crane consisted of an upright timber post with a timber arm and braces, equipped with hoisting tackle and cogwheels, the latter being operated by turning a handle connected with the cogwheels; that a chain ran along the top of the arm from the cogwheels, and dangled therefrom, and in the process of hoisting was attached to the bail of the vessel to be elevated; that on April 20, 1903, plaintiff was engaged in the duty of hoisting a vessel of moulten metal for the purpose of emptying it into a mould by turning the handle aforesaid, when suddenly, and without any fault upon his part, his hand slipped off the handle, whereupon the handle reversed its motion and struck plaintiff's hand and knocked it over into and between the cogs. It is alleged that it was defendant's duty under the law properly to protect and guard the cogwheels; that this duty was disregarded, and that no safety device or protection whatever was placed about said cogs; that such guard could have been placed without interfering with the operation of the crane, and that the accident could not have occurred had defendant performed its duty as aforesaid. Plaintiff further alleges that he used due care, and was free from

negligence and that he was injured by reason of his hand's being caught in the cogs. The case of *P. H. & F. M. Roots Co.* v. *Meeker, supra,* so far as the question of proximate cause is concerned, is similar to the one at bar. It was therein held that the absence of a guard was not the proximate cause of the injury.

If the doctrine of that case is applied to this one, the judgment should be reversed. The decisions of the Supreme Court are of final authority, but it is the duty of this court to scrutinize them, following those only which are founded in reason and authority, and "if in any case, two of the judges of either division are of the opinion that a ruling precedent of the Supreme Court is erroneous, the case, with a written statement of the reasons for such opinion, shall be transferred to the Supreme Court." §1394 Burns 1908, Acts 1901, p. 565, §10. The language of the act—"shall be transferred"—is imperative.

This case is therefore transferred to the Supreme Court, with the recommendation that the case of *P. H. & F. M. Roots Co.* v. *Meeker, supra,* be overruled so far as it relates to the question of proximate cause, for the following reasons: The maxim which lies at the bottom of the doctrine is: *Causa proxima non remota spectatur*—the direct and not the remote cause is considered. Had the cogwheels, upon which the plaintiff in the case of *P. H. & F. M. Roots Co.* v. *Meeker, supra,* threw his hand in seeking to preserve his equilibrium, been properly guarded, the injury which he received could not have occurred. The term "proximate" has relation to the injury. Had the defendant's duty been performed there would have been no injury. Defendant's failure to obey the statute was the only proximate cause of the injury. Its act was the act of an independent agent, and, intervening as it did, the prior acts of the employe in slipping and endeavoring to save himself from falling became

mere conditions. *McGahan* v. *Indianapolis Nat. Gas Co.* (1895), 140 Ind. 335, 29 L. R. A. 355, 49 Am. St. 199; *New York, etc., R. Co.* v. *Perriguey* (1894), 138 Ind. 414. The negative character of the act makes the proposition less clear in the statement than it would be were the act affirmative. To illustrate: Suppose the cogwheels had been properly guarded, and that as the plaintiff fell the master had removed the guard—would any one have a doubt as to the intervention of an independent, responisble agency cutting off the line of causation and making the slip and fall mere conditions? To hold that the proximate cause was the act. of the plaintiff in coming to work, or in walking across the room, or in slipping as he walked, would be equally logical. The proposition is so simple that the discussion of other cases in which there may have been room for doubt can have no result except to obscure the fact. *Windler* v. *Rush County Fair Assn.* (1901), 27 Ind. App. 92.

It is also to be borne in mind that the duty which the employer neglected was a specific duty imposed by statute for the purpose of preventing such injuries as the ones complained of. The purpose of covering a saw is to prevent persons from being cut on it, and of guarding cogwheels to prevent persons from being crushed among them, and the owners of such dangerous tools cannot be heard to say that they did not anticipate injury through leaving them uncovered. The legislature has settled that matter. The frequency of accidents from such causes was so great that the law-making power took notice thereof, and enacted a statute to protect from mutilation and death those persons working around such tools. If it be the law that those who stumble or slip or misjudge are not within the protection of the act (*Pein* v. *Miznerr* [1908], 170 Ind. 659), and that those who purposely and with due care put their hands into cogs or against saws cannot recover (*P. H. & F. M. Roots Co.* v. *Meeker, supra*),

and if the absence of the guard is not a proximate cause of the injury which one receives because of its absence, then it would be pertinent to inquire what does the statute cover?

The following extract has been repeatedly approved: "The doctrine of contributory causes produces annually a crop of disputations, which savor more of the subtleties and learning of the schoolmen than of a desire to evolve any practical, intelligible rule which shall be of service in administering justice between party and party. * * * If it ever happens that logic and common sense cannot be reconciled in the application of this doctrine to the decision of causes, logic must give way." *Willey* v. *Inhabitants, etc.* (1872), 61 Me. 569, 575. See, also, *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308; *Windler* v. *Rush County Fair Assn., supra.* And this, from the pen of one of the great judges of Indiana, is peculiarly applicable to the proposition in hand: "The law is a practical science, and repudiates subtle refinements and speculative inquiries. It will not sacrifice substantial rights to such impracticable processes, but will reject them to make way for practical justice. Recondite discussions of efficient cause, plurality of causes and kindred topics, are for the metaphysician and the speculative philosopher, not the practical lawyer or judge." *Louisville, etc., R. Co.* v. *Nitsche* (1890), 126 Ind. 229, 235, 9 L. R. A. 750, 22 Am. St. 582. The reasoning of *P. H. & F. M. Roots Co.* v. *Meeker, supra,* is of the class disapproved by the foregoing excerpts.

It is not the purpose of this opinion to discuss the second proposition before stated. It may not be improper to say that the language of the act literally and exactly applies to the machine described. Its reason also applies. The intention is to have that which is dangerous guarded. Danger does not necessarily depend upon the use of steam. So long as the crane in question was lifting the weight and under the control of the operator, the movement of the cogwheels would necessarily be slow. When for any reason

the operator loses control of it, the descending weight might communicate to them power as resistless as that communicated through a line shaft.

The case is transferred to the Supreme Court, with the recommendations heretofore specified.