HOOSIER CASUALTY COMPANY *v.* McDONALD.

[No. 27,426. Filed May 28, 1940.]

*Embree & Hall,* of Princeton, for appellant.
*McDonald & McDonald,* of Princeton, for appellee.

FANSLER, J.—The appellee brought this action to recover under a policy of accident insurance. It is alleged in the complaint that "he had a tooth extracted; that in the extraction thereof, the jaw bone was accidentally slivered, and fragmented; that thereafter plaintiff sustained a pyogenic bacterial infection of the jaw bone which occurred through said accidental wound so made, and entered in the jaw bone, and resulted in osteomelitis and cellulitis; that said injuries and said infection, directly and independently of all other causes, did within ten days from the date of said accident wholly and continuously disable the insured. . . ." The policy is attached to and made an exhibit to the complaint. It

is provided in the policy: "The insurance under this Policy shall not cover accident, injury, death, disability or other loss caused directly or indirectly, wholly or partly . . . (4) by medical or surgical treatment (except such as may result directly from surgical operations made necessary solely by injuries covered by this Policy and performed within ninety days after date of the accident)."

The defendant demurred to the complaint upon the ground, among others, that the complaint shows on its face that the disability alleged resulted "directly from surgical treatment, that is, the intentional extraction of a tooth; it further shows that such surgical treatment was not made necessary solely by an injury covered by the policy; and the complaint shows on its face that the policy does not cover the disability alleged." The demurrer was overruled. This ruling is assigned as error.

The appellee does not dispute the assertion made in the memorandum to the demurrer, but contends that the provision for non-coverage of accidents caused by medical or surgical treatment is an exception of the general provisions of the policy, and is only available as a defense brought forward by an affirmative answer.

A complaint must state facts which show that the plaintiff is entitled to recover. Where a complaint states a cause of action, but also states facts which constitute a defense, and which otherwise it would be necessary for the defendant to plead affirmatively, the complaint is not good as against a demurrer. *Behrley* v. *Behrley et al.* (1884), 93 Ind. 255; *Latta et al.* v. *Miller, Adm'r* (1887), 109 Ind. 302, 10 N. E. 100; *Knopf* v. *Morel* (1887), 111 Ind. 570; 13 N. E. 51; *Gold et al.* v. *Pittsburgh, C., C. & St. L. Ry.* (1899), 153 Ind. 232, 53 N. E. 285; *Roberts* v. *Indian-*

*apolis Street Railway Co.* (1902), 158 Ind. 634, 64 N. E. 217; *Pein et al.* v. *Miznerr, etc.* (1908), 170 Ind. 659, 84 N. E. 981.

But the complaint here does not state a cause of action. It states the facts and the contract upon which the plaintiff seeks to recover. The contract discloses that under the facts stated the plaintiff is not entitled to recover.

Error is also predicated upon the overruling of the motion for a new trial upon the ground of insufficiency of facts. The evidence discloses just what the complaint alleges; that the injury was the result of the voluntary and intentional surgical treatment of a tooth. We need not consider whether it would have been necessary for the defendant to affirmatively plead the provision of the policy in question if it had not been disclosed by the complaint. Since the complaint alleged the facts, and they are not in dispute, it is not necessary that they be brought forward in any other pleading.

Judgment reversed, with instructions to sustain the motion for a new trial and the demurrer to the complaint.

NOTE.—Reported in 27 N. E. (2d) 347.